Judge Ewing

delivered the Opinion of the Court.
Applegate, Armsden and Stevenson, being established tailors, in Georgetown, sold out to Jacoby and Newbold; and, on the 31st of May, 1836, entered into an article of agreement with them, by which it was agreed “that for and in consideration of the following sums of money paid them by Jacoby and Newbold, they do give up to them certain apprentices then in their shop, for one hundred dollars each per annum; and Jacoby and Newbold are to board and clothe the apprentices, agreeably to the contract of Applegate, &c.; also, Applegate, &c. do sell to Jacoby and Newbold, all the shop furniture and fixtures, for the sum of two hundred and fifty dollars; the payments to be made as followeth: one third for the shop furniture and apprentices, at the time possession is given, and the remainder at twelve and eigtheen months; and the price for the residue of the services of the apprentices, to be paid at the expiration of each year’s service, &c.” Which article is signed and sealed by all the parties.
Indorsed on the same, and of the same date, signed and sealed by Applegate, Armsden and Stevenson, is the following agreement:—
“We, the subscribers, do agree, in addition to the within agreement, to pay to James Jacoby and David Newbold, one thousand dollars each, if either of us set up tailoring business in Georgetown, for the space of twenty five years from the day and date above written.”
Jacoby brought an action of debt for the thousand dollars, against Applegate, Armsden and Stevenson, on the indorsed stipulation, alleging that Applegate did set up, commence and carry on, the tailoring business in Georgetown, on the —day of —, 1838; whereby the defend *207 ants became bound to pay him the thousand dollars, and avers as a breach, their failure to pay the money.
Judgment, &c.
Upon a return of ‘no inhabitant,’ or ‘not found,’ as to one or more’ defts. in a joint action, the pltff. may proceed to judgment against those on whom the process is executed (S. L. 88, 89;) but the suit must be disposed of, by orders on the record, as to all the defts. To enter judgment against those who have been served with process, without any order of abatement as to those returned not found, of no inhabitant, is irregular and erroneous.
The defendants appeared by their counsel, and demurred to the declaration. They also filed three pleas; but as the third was withdrawn, it will be unnecessary to notice it. The first alleges that the writing sued on, was executed without any consideration. The second alleges “that Applegate did set up (as partner of said Newbold,) commence and carry on, the tailoring business in Georgetown, which is the same setting up charged, &c.” A joinder was put in, to the demurrer of the defendants, and demurrer filed to their first and second pleas. The demurrer to the declaration, was overruled, and the demurrer to the pleas sustained, and the defendants saying nothing further, judgment was rendered against two of them, Applegate and Stevenson, for the thousand dollars, without the intervention of a jury.
No order of abatement, or any disposition of the case, as to Armsden, seems to have been made. The sheriff had returned as to him, “not found.”
The majority of the Court think that it was irregular and erroneous to take judgment against two of the defendants, without abating or disposing of the case as to the one returned “not found;” that though the statute does not direct an abatement to be entered (1 Statute Law, 89,) it has been the general practice under it, as well as under the statute of 1812, (1 Statute Law, 88,) Upon the return of “no inhabitant.” And this practice is consistent, with the ancient and well established rule of practice, which requires that, in a joint action against several, at the time or before judgment is entered against a part, the suit must be disposed of as to all others who are jointly sued.
Judge Ewing thinks! that, as the statutes, in express terms, provide that the plaintiff in a joint action, upon the return of "no. inhabitant,” or "not found,” as to, some of the defendants, "may proceed to judgment against .the other defendant, or defendants, Without any further proceedings, against the defendant or defendants so. returned not found,” that the plaintiff in taking judgment against those on whom process was served, pur *208 sued the letter of the statute, and ought not, for a failure to take that step, not required by the statute, to have his judgment reversed. That, though it may be more formal, in conformity to ancient practice, to abate, or otherwise dispose of the suit, as to those against whom judgment cannot be taken, it seems to him that this is a mere formal objection, no way prejudicial to the plaintiffs in error; and not being required by the letter or substantial requisitions of the statute, furnishes no ground for a reversal. And that, if an abatement or other disposition of the suit, as to the defendant returned “not found,” was necessary, it will be implied, from the entry of judgment against those served with process;,or rather an abandonment of the suit as to him, may be implied from the entry of judgment against the others.
A writing by which obligors stipulale that if either of them sets up the tailoring business, in such a place, in such a time, they will pay to the obligees $1,000 each, is not a covenant that they will not set up the business, but that, in case they do, they will pay each of the covenantees $1,000: upon which debt may be maintained, whenever the business is set up by either, with in the time and in the place; and upon which each of the obligees may have his separate action.
Nor is the instrument a penal bond, or one with collateral conditions, which requires an assignment of breaches be enquired of, and damages to be assessed, by a jury. The court may render the judgment for the stipulated sum; whenever, by demurrer, or nil dicet, it is admitted that the event upon which it was to be paid has happened.
*208 As the judgment must be reversed for this error, according to the opinion of the majority of the Court, and as the same questions on the merits, will arise upon tho return of the cause, it will now be proper to express tho views of this Court upon them.
The action of debt for the thousand dollars well lay, and was properly brought, and the declaration is in apt form. The agreement is not that the defendants, or either of them, will not set up and carry on the tailoring business in Georgetown, but that they will pay to the plaintiff below and Newbold each, one thousand dollars, in case they do. They are left at liberty to set up and carry on the business in the town, but in case they do, they agree to pay the thousand dollars to each. According to the authorities, the thousand dollars must be regarded at law, at least, as an agreed amount, or stipulated damages, to be paid on the contingency of their setting up and carrying on the tailoring business in Georgetown ; and is not a penalty. The sum of money agreed on, is the ground of the action. It is a sum fixed on by the parties, to be paid on the doing of a certain thing, or happening of a certain contingency, which has happened ; and upon the doing or happening of which, it is as much due and payable, as if it had been agreed to be paid upon tho accrual of a fixed time, or the happening of any other event. Lowe vs Peers, 4 Burrows, 2229; *209 Astley vs Weldon, 2 Bos. & Pul. 346; 3 Wils. 270, Goddard vs Vanderheyden, 3 Bos. & Pul. 630; Smith vs Dickinson, 1 Saunders’ Rep. 58, b. 2 Pothier, 82-3-4-5.
Sale of a business establishment, evidenced by a written agreement; upon which is indorsed that, if either of
the vendors set up the same business in that place, they will pay the purchasers each so much: both writings are to be taken as parts of one contract, the whole showing a good consideration for the last stipulation.
Nor is the instrument sued on a penal bond, Or bond with collateral conditions, within the meaning of the statute of 4 and 5 Ann, c. 16, § 13, or of 8 and 9 W. c. 11, or of our statute, 1 Statute Law, 320-21, which is identical with the latter statute; and the intervention of a jury is not necessary, to inquire of breaches assigned, and assess damages.
The breach to be assigned in this case, is not in the setting up and carrying on the tailoring business, but in failing to pay the sum agreed on. And it being an agreed, stipulated sum, may as well be assessed by the Court as a jury, upon the concession that the contingency has happened, yielded by the demurrer, or implied from the failure to plead or controvert the fact.
A jury is no more necessary in such a case, than it would be in any other where a definite sum of money is payable upon a certain event. If the event or contingency has not happened, it may be controverted by plea, and if controverted, a jury is necessary to try the fact. But if admitted by demurrer, or nil dicet, there is nothing for the jury to try. The law entitles the plaintiff to the money agreed to be paid on the contingency, and the Court in rendering judgment for it, does no more than pronounce the law of the case. Hence it is said in note c, to 1 Saund. Rep. 58 a, commenting on the statute of 8 and 9 W. 3, “that in debt, whenever the sum mentioned in any instrument must, from the express language of the instrument, or from necessary implication, be considered as the ascertained or liquidated damages agreed to be paid by one party to the other, on the happening of a particular event, or the performance or omission of a particular act, the statute will not apply.
Nor do we think there is any thing in either of the pleas, to bar the plaintiff’s right to recover.
As to the first plea, or plea to the consideration, the indorsed stipulation, according to the repeated decisions *210 of this Court, must be regarded and treated, as a part of the principal article, and construed as an additional stipulation on the part of the defendants, entered into at the same time, and as a part and parcel of the same agreement.
The terms of the covenant—to pay $1000 to each of the covenantees, &c. if &c. give to each, a separate interest and right of action, which the other cannot release or discharge; and, therefore, the fact that one of the covenantors who set up the business, did it in partnership with one of the covenantees, will not release or exonerate him from liability to the other covenantee.
Thus construed, ample consideration for the indorsed stipulation, must be implied from the nature and object of the contract, and the terms and stipulations of the agreement between the parties. And a general plea to the consideration cannot be sustained.
The second plea is equally bad. The covenant is an undertaking to pay the plaintiff and Newbold each a thousand dollars. Each had a right to maintain his several action for the amount, upon the doing of the thing, or the happening of the contingency, upon which it was made payable. Each had a right to provide protection, and secure himself individually, from the consequence of a counter shop or establishment in the same town. And each has provided that indemnity for himself, in the stipulations of the instruments sued on. And surely, it can be no excuse or form any bar to the plaintiffs’ right to recover the amount stipulated to be paid to him, that the defendants set up the counter shop in partnership with Newbold. Newbold might release or discharge the defendants altogether from the covenant to pay him; but could not release or discharge them from the covenant to pay the plaintiff. Much less, can he, by consenting that the defendants might set up a counter shop, or by setting up a counter shop in partnership with them, discharge them from their obligation to pay the plaintiff the amount agreed on. The counter shop carried on in partnership with Newbold, the plaintiffs’ former partner, can be no less injurious to the plaintiff, than if carried on by the defendants alone, and as such carrying on is not excepted from the stipulations of the covenant, nor allowed by its terms, it can form no bar to the plaintiff’s right of recovery.
For the error first noticed, the judgment is reversed, and cause remanded, for further proceedings. And the plaintiffs in error are entitled to their costs in this Court.