DAVID DELANEY *v.* TRUSTEES CINCINNATI SOUTHERN R. Co.

[Abstract Kentucky Law Reporter, Vol. 5—854.]

**Liquidated Damages.**

While parties to a contract may agree to liquidated damages and courts will enforce the payments upon breach shown, still when

the sum agreed to amounts to penalty or forfeiture, or exceeds in a material degree the injury sustained, it will not be enforced. Courts will not countenance liquidated damages which are used as a mere guise to a forfeiture as penalty.

APPEAL FROM KENTON CIRCUIT COURT.

April 8, 1884.

OPINION BY JUDGE HARGIS:

The appellant, Delaney, sued the appellees for eighty per cent. of about three week's work, on sections 75 and 76, Division "B" of the railway, performed by him under a written contract which provided that if he failed to commence or regularly proceed with the work, after seven days' notice, the appellees might employ others to do the work, and at their option the contract was to become void, "but without prejudice to any right of action in said trustees which the said Daniel Delaney may be subject to for any voluntary neglect in not proceeding with said work pursuant to this contract; and the amount already paid to the said Daniel Delaney by the said trustees shall be considered to be the full value of the work executed up to the time of the expiration of said notice, and no further claim whatever shall be made by the said Delaney for contract work or additional work that might have been done up to that time." It was further stipulated that "upon execution of portions of the work to the satisfaction of the principal engineer for the time being, eighty per cent. of his monthly estimates of the relative value of the work performed to the first day of each month shall be paid on or before the fifteenth day of the same month." It was also provided that if the trustees prevented or delayed the work, the engineer was to determine what extension of time and what compensation Delaney should have therefor; and if Delaney delayed the work beyond the time for completion the engineer was to likewise determine what he should pay the trustees on that account as liquidated damages.

In answer to appellant's petition the appellees admitted that he had performed work to the value, as estimated by the engineer, of $1,398.30, but denied his right to recover eighty per cent. or any part thereof because he had abandoned the work. The appellees also pleaded a counterclaim for damages, which, they allege, oc-

curred to them by reason of appellant's abandonment of the work which they were compelled to relet at a cost of $7,831.05 more than it would have cost them had the appellant completed the work under his contract. The court below rejected the counterclaim and dismissed the petition, and both parties appealed from the judgment.

It is well settled that the parties may agree upon the sum that shall be the measure of damages in the event of a violation by either of the contract between them, and that the courts will enforce the payments, upon breach shown, of such sum unless it amounts to a penalty or forfeiture or exceeds in a material degree the injury sustained by the breach of the contract. In other words courts will not countenance liquidated damages which are used as a mere guise to a forfeiture or penalty. See *Elizabethtown & P. R. Co. v. Geoghegan,* 9 Bush (Ky.) 56, and authorities there cited. The appellant before "pay day" abandoned the contract because of its alleged hardships, hence was not paid the estimated eighty per cent. The appellees have no right in law or equity under the terms of the contract to recover or retain the eighty per cent. as liquidated damages. It would clearly be a forfeiture and penalty to allow the appellees to retain the sum, pay him nothing for his work and recover damages for the abandonment of the work, too. The twenty per cent. withheld was the sum intended to be treated as liquidated damages in case of appellant's failure to recommence or regularly proceed with the work after seven days' notice and voiding, by appellees, of the contract.

Hence the words "and the amount already paid," mean what should have been paid, as well as what actually was paid. Thus the forfeiture, which would otherwise follow, can by tracing the spirit of the contract be avoided, and yet the appellees have the right to recover all damages for abandonment which by legal pleadings and evidence they may have shown. For the latter purpose the clause of the contract which provides for a "right of action in said trustees which the said Delaney may be subjected to for any voluntary neglect" was inserted and agreed upon by the parties. The question, therefore, on the counterclaim is, Have the trustees alleged or proved any damages for the alleged voluntary neglect or abandonment of the contract?

It is nowhere alleged in the answer that the sum for which the work was relet was the reasonable value of it, nor is it proved

by any witness that the amount paid to subsequent contractors for the work which appellant abandoned was the reasonable value of the work. It may all be true that Dolan and Hahn were the lowest bidders for the work, or that the appellees intended to have the work done as cheaply and economically as possible, or that nobody would or did underbid Dolan and Hahn; yet it may be also true that their bid was not the reasonable value of the work, and the sum which appellees agreed to pay appellant for it was its reasonable value, in which event the appellees could only recover nominal damages. As the appellees wholly failed to prove any ascertainable damages for the voluntary neglect of appellant in abandoning the work, they are only entitled to nominal damages under the contract, which would have authorized the recovery of more damages had they been proved, the answer being, perhaps, sufficient.

Wherefore the judgment is *reversed* on behalf of the appellant with directions to render judgment in his favor for eighty per cent. of the $1,398.30, the admitted value of his labor, and as to the appellees the error against them in failing to give nominal damages, or one cent, is not of sufficient substance to authorize a reversal and the cross-appeal is therefore *affirmed*.

*O'Hara & Bryan, for appellant.*
*C. B. Simrall, for appellees.*