Kilbourne v. Burt & Brabb Lumber Co., &c.

CASE 75—ACTION TO RECOVER PRICE OF LOGS SOLD—Oct. 9.

# Kilbourne v. Burt & Brabb Lumber Co., &c.

### APPEAL FROM LETCHER CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

LIQUIDATED DAMAGES—PROVISION OF CONTRACT—VALIDITY.

Held:A provision in a contract for the sale of logs that fifteen cents per 100 feet should be deducted from the purchase price of all logs not delivered by a certain date, will be enforced as a provision for liquidated damages, as it would be impracticable to ascertain the exact damage which would be sustained to each log from exposure by a failure to deliver it within the time fixed by the contract.

S. D. DISHMAN, ATTORNEY FOR APPELLANT.

In a contract for a sale of logs by appellant to appellees, it was stipulated in the contract that fifteen per cent. of the contract price should be retained by appellee on all logs not delivered by July 1, 1898. The logs were delivered on the first tide, but none of them were delivered until August 1, 1898. No damage resulted to appellee or to the logs by reason of this short delay, and they were taken out on the first tide.

We claim that the retention of the fifteen per cent. by appellee was a penalty, and the demurrer to the petition should have been overruled. The law does not favor such exactions. "The courts will not enforce payment of a sum agreed upon as liquidated damages, where it amounts to a penalty, or forfeiture or exceeds in a material degree the injury sustained by the breach of the contract." 5th Ky. Law Rep., 853, Delay v. Cin. R. R. Co.; Simon v. Lameis & Muster, 9 Ky. Law Rep., 59; Louisville Water Co. v. Youngstown Bridge Co., 16 Ky. Law Rep., 350; E. & P. R. R. Co. v. Geoghegan, 9 Bush. 56; Applegate v. Jacobs, 9 Dana; Thompson v. Townsend, 10 Bush. 116.

BECKNER & JOUETT, FOR APPELLEE.

In a contract for the sale of loose logs cut and placed upon creek banks and ultimately floated out into the Kentucky river, (the place of final delivery) a provision fixing a scale

Kilbourne v. Burt & Brabb Lumber Co., &c.

of reduction in price for logs delayed in delivery and accordingly damaged by the elements is enforceable.

It presents the question of neither penalty nor liquidated damages, but simply of agreed reductions in the price of a rapidly damaging commodity; but if not correct in this, then as between liquidated damages and penalty it is clearly the former, upon the principle announced in the leading Kentucky case, as well as all other authorities, that "if the actual damages sustained by the party complaining can not be reached or determined by any known rule of law, then the courts are disposed to look alone to the measure of damages fixed by the contract."

Here, the logs were 2,000 in number, and were cut during a period extending over five months, so that for a court to ascertain the damage to each is a sheer impossibility. Hahn v. Hortsman, 12 Bush, 249; Sedgwick on Damages, 420; 65 Am. Dec., 511; 69 Am. Dec., 713.

OPINION OF THE COURT BY JUDGE BURNAM—AFFIRMING.

On the 7th day of August, 1897, Messrs. Hogg & Kilbourne, of Letcher county, contracted in writing to deliver to the Burt & Brabb Lumber Company, in the Line Fork of the Kentucky river at the mouth of Ingram's creek and Dey Fork, by the 1st of March, 1898, 4,000 merchantable poplar, ash, and cucumber logs, to be cut out of green timber, and well selected, at the price of eighty cents per 100 feet, of which sum fifty cents per 100 feet was to be paid within thirty days after the logs were measured, branded, and placed in the Line Fork, and the balance of the purchase price was to be paid on all logs delivered in the Kentucky river as shown by invoices to be taken in July, 1898, and 1899. On all logs which were not delivered into the Kentucky river by the 1st of July, 1898, fifteen cents per 100 feet was to be deducted from the purchase price. It was further stipulated that all logs which were not delivered by July 1, 1899, should belong to the Burt & Brabb Company without any additional payment, or they

might, at their option, refuse to accept them at all, and demand the repayment to them of the fifty cents per 100 feet paid at the time they were branded.  Between the date of the contract and the 1st day of March, 1898, Hogg & Kilbourne cut and placed in Line Fork 2,022 saw logs, measuring 863,359 feet, upon which the Burt & Brabb Company paid fifty cents per 100 feet.  When the invoice was taken in July, 1898, under the contract, it was ascertained that none of the logs had been delivered into the Kentucky river and by the terms of the contract the company were entitled to a retention upon the purchase price of fifteen cents per 100 feet.  All of the logs were delivered into the river before the 1st day of July, 1899, and the company thereupon paid the additional fifteen cents per 100 feet upon the purchase price.  The lumber company having refused to pay the balance of the contract price, Kilbourne instituted this suit to recover his share of the fifteen per cent. of the contract price of the logs delivered which had been retained by appellee, upon the ground that it was retained as a penalty, and largely in excess of the actual damages sustained by the lumber company on account of the failure to deliver any of the logs into the river by the 1st day of July, 1898.  A general demurrer was interposed to the petition, which was sustained by the circuit judge, and the plaintiff has prosecuted this appeal seeking to reverse the judgment dismissing his petition.

The principal question to be settled in the case is whether a contract for the retention of the fifteen cents per 100 feet is a valid agreement, or does it amount to a penalty which the law will refuse to enforce upon the ground of public policy?  There can be no doubt that it was the intention of both parties that this sum should be deducted from the price of all logs which appellant failed

to deliver into the Kentucky river by the 1st day of July, 1898. The question, therefore, to be determined is whether the courts can make an agreement for parties which they never intended to make for themselves. The general rule is that parties who are *sui juris* have the right to fix the amount of damages in advance of the breach of a contract at any reasonable sum. Yet this is not a universal rule. There are a series of artificial rules peculiar to contracts of this character which contravene the general rule. For instance: First. Where the language of the agreement is not conclusive, the court looks to the true intent of the parties, if the court can discover in other parts of the contract no reason to doubt the intention of the parties. Second. Where the word "penalty" is used, it is generally conclusive against it being held liquidated damages. Third. If the sum stipulated is to 'be paid on the nonpayment of a less sum which is certain in amount, or can be easily ascertained 'by a jury, then it will be treated as a penalty. Fourth. If the sum be evidently fixed to evade a statute, or to cloak oppression, the court' will relieve by treating it as a penalty. But if, independently of the stipulated damages, the damages would be uncertain, and impracticable to be ascertained, except by conjecture, in such cases the damages will be considered liquidated; or, if the language of the parties evinces a clear and undoubted intention to fix the sum mentioned as liquidated damages in the case of default of performance of some act agreed to be done, then the courts will enforce the contract, if legal in other respects. Bagley v. Peddie, 16 N. Y., 469, (69 Am. Dec., 665). In considering a similar question in Hahn v. Horstman, 75 Ky., 249, the court said: "That damages may be liquidated in advance of the breach of contract as a compensation to the party who is to suffer

in the event of a default, is well settled, and a court of equity has no power to change the contract regulating the damages or the amount of recovery in order to grant relief. If the actual damages sustained by the party complaining can not be reached or determined by any known rule of law, then courts are disposed to look alone to the measure of damages fixed by the contract; but, where the actual damages can be ascertained from the nature of the contract, then courts are inclined to disregard the language of the contract so far as it fixes the damages, particularly in cases where the strict construction of the language would result in oppression to the party against whom the claim is asserted by giving to the plaintiff more damages than he has actually sustained." In that case appellant undertook to fill up a lot to a certain height, marked by a civil engineer, by a designated time, and further agreed in the event of a failure on his part to do so, to pay as liquidated damages twenty dollars for each day the work might remain uncompleted after the expiration of the time agreed upon for its execution. He completed about sixty per cent. of the labor, and on account of some disagreement between himself and appellee ceased to labor. In that case the court held that there was no difficulty in actually determining how much it would cost to complete the work undertaken by appellee, and that any sum in excess thereof was a penalty, which would not be enforced. But the court was careful to distinguish that case from that character of cases in which the actual damages sustained by the party complaining could not actually be reached or determined by any known rule of law. There is, perhaps, no more difficult question to be ascertained and determined than the amount of damages which may accrue to logs of the character contracted to be sold in

this case from exposure to the elements for an indefinite period after being cut, especially during the warm period of the year, resulting from the discoloration and decay of the sap, the effect of the sun, the action of the insects, and to speak of the hazard of loss from trespassers. It seems to us that it would be wholly impracticable to ascertain the exact damage which would be sustained by each log by a failure to deliver it within the time fixed by the contract after it was cut. The plan adopted by the contracting party seems to us a reasonable one, and to fall clearly within the general rule in which parties will be allowed to agree upon a definite sum to represent the depreciation in the value of the things sold, which may result from a failure to comply with the terms of the contract. Louisville Water Co. v. Youngstown Bridge Co., 16 Ky Law Rep., 350; Railroad Co. v. Geoghegan, 72 Ky., 56; Applegate v. Jacoby, 39 Ky., 208.

For the reasons indicated, the judgment is affirmed.