231 S.W.2d 42 (1950)
ELIZABETHTOWN LINCOLN MERCURY, Inc.
v.
JONES.
Court of Appeals of Kentucky.
June 13, 1950.
*43 A. F. Tabb, Elizabethtown, for appellant.
J. E. Wise, Elizabethtown, J. Howard Holbert, Elizabethtown, for appellee.
MORRIS, Commissioner.
On June 8, 1948, appellant sold appellee a 1949 Lincoln automobile at the invoice price of $3,759.72, and both signed a contract which, insofar as pertinent, provides:
"Whereas, said Purchaser as a part of the consideration of said sale, has agreed with the Dealer not to sell or transfer the title of said automobile during the period of twelve months beginning with the date of this contract, except upon the terms and conditions herein set forth: * * * it is covenanted, agreed and understood * * * that the Purchaser will not sell said automobile or otherwise transfer the title * * * within the period of twelve months * * * without first offering the said automobile to the Dealer for purchase at the price at which it was sold * * *, less a handling charge of ten per cent.
"It is further agreed * * * that in the event of the aforementioned car being repurchased by the Dealer under the above conditions, the Dealer will not sell said car for a price above the current delivered price of that respective car and model.
"It is further * * * agreed that if either party shall violate any of the terms of this contract, expressed above, that the said Purchaser or Dealer, as the case may be, hereby promises to pay the other party twenty-five per cent (25%) of the invoice price * * * as liquidated damages, which amount shall be immediately due and payable on demand."
The petition filed by the Dealer against the Purchaser alleged that on June 9, 1948, appellee sold the car to Ray West of Elizabethtown, thus violating the terms of the contract, and it made demand of appellee for $939.93 (25% of the invoice price) and payment had been refused. An amendment alleged the sale was made without first offering the Dealer an opportunity to repurchase. The defendant demurred to the petition as amended, and demurrer was sustained. Plaintiff declined to plead further and its petition was dismissed and appeal granted.
Appellee takes the position (1) that the contract was unilateral and not supported by consideration; (2) that the contract is unenforceable and void because contrary to public policy, and (3) that the provision as to liquidated damages constitutes a penalty and therefore unenforceable. Appellant contends to the contrary.
The contentions that the contract is unilateral and without consideration are not meritorious. The contract clearly provides, insofar as liquidated damages are concerned, that in case of a violation of the terms or conditions by the purchaser or dealer either may recover the amount agreed upon as liquidated damages. As to the lack of consideration, the contract states that the sale to the purchaser is a part of the consideration. Courts have held that agreeing to do, and doing that which one is not legally bound to do, constitutes a sufficient consideration to uphold a contract. The dealer here was under no obligation to sell to the appellee. Such contracts where liquidated damages have been in question and upheld, some dealing with the question of "consideration" are Wade and Dunton, Inc., v. Gordon, Me., 64 A.2d 422, and Burnett v. Nolen, 336 Ill.App. 376, 84 N.E. 2d 155.
The question as to whether the contract is against public policy is one of law to be gathered from the contract, in each case dependent upon the intent of the parties as shown by the contract. The writing is plain and unambiguous and manifests *44 the intent of parties to be that in event of a violation by either, liquidated damages should be recoverable. The contract would be against public policy and unenforceable, only if it be determined that the contract be construed to provide a penalty rather than an agreed amount of damages.
The contract does not come within the meaning of any "Contracts Against Public Policy" as denounced by Ch. 372, KRS. Contracts similar to the one here have been repeatedly upheld by the courts of this and other jurisdictions. There is, however, a public policy concerned. Contracts of this character are permitted and sanctioned in order to protect the interests of the public and to foster fair dealing. The public, as well as purchasers of commodities, have a right to be protected against the sale thereof at inflationary prices, in this case the sale of automobiles then scarce and in great demand, which fact created what is denominated a "gray market." Courts may take judicial knowledge of prevailing economic conditions and trade practices. Burton v. Burton's Committee, 262 Ky. 499, 90 S.W.2d 687; Bryan v. Security Trust Co., 296 Ky. 95, 98, 176 S.W.2d 104; Am.Jur. "Evidence" Vol. 20, Sec. 110.
The practice by dealers in automobiles was well known. Responsible dealers were confronted with more orders than they could fill within reasonable times. In order to distribute fairly the cars which they received, the dealer adopted the plan of taking and keeping a list of proposed purchasers, and cars were delivered in the order in which the purchaser's name was listed, and the would be purchaser watched the dealer's sales in order to see that he received his car according to the listing. If the car of a purchaser turned up within a short time in a used car lot, perhaps sold, or offered for sale at more than the list price, the reputable dealer was at once charged with unfair dealing. The dealer had a right to protect himself and the public by means of a contract such as in question here.
It is obvious that it would be impractical, perhaps impossible for a dealer to allege specifically the amount of damage suffered by violation of the contract. He could hardly measure the damage to his good will, his reputation for fair dealing and loss of opportunity for future sales due to unfair trade practices of another person. This court has held that where damages may be uncertain in character or amount, or be difficult of reasonable ascertainment, a provision for liquidated damages will be enforced, provided the amount agreed upon is not greatly disproportionate to the injury which might result. Elizabethtown & P. R. Co. v. Geoghegan, 9 Bush. 56, 72 Ky. 56; Louisville Water Co. v. Youngstown Bridge Co., 16 Ky.Law Rep. 350; Fidelity and Deposit Company of Maryland v. Jones, 256 Ky. 181, 75 S.W.2d 1057; Kilbourne v. Burt & Brabb Lumber Co., 111 Ky. 693, 64 S.W. 631, 55 L.R.A. 275. Since the amount for which a car could be sold under the circumstances here might result in a profit greater or equal to the agreed amount of liquidated damages, plus the elements of damage difficult to measure at the time of violation of the contract, it can hardly be said that the stipulated amount is either unreasonable or disproportionate.
Counsel for appellee finally argues that the petition was demurrable because it failed to allege damages. The petition sets out the contract which contains the liquidated damage provision and charges a breach, and that thereby defendant became indebted to it in the stipulated amount. We take this allegation to be sufficient to state a cause against defendant. Fidelity and Deposit Co. of Maryland v. Jones, supra.
For the reasons stated we are of the opinion that the trial court was in error in sustaining the demurrer. Therefore, the judgment dismissing the petition is reversed and the cause remanded with directions to overrule the demurrer, and for proceedings consistent herewith.
Judgment reversed.
Judge LATIMER dissents because he is of the opinion that since no specific element of damage was alleged the provision as to liquidated damages constitutes a penalty, therefore unenforceable.