### Simmons, et al. v. Simmons.

(Decided October 21, 1919.)

### Appeal from Bullitt Circuit Court.

1.  Guardian and Ward—Appointment of Guardian—Precedence—Weight Attached to Decision of County and Circuit Courts.—Where the action of the county court in the appointment of a

guardian outside of the next of kin has been approved by the circuit court it is entitled to great weight and will not be disturbed unless it is made plainly to appear that in making the appointment the county court abused the discretion ·vested in it by section 2021 of the statute·which allows the court to depart from the order of precedence laid down in the statute when the interest of the infant so requires.

2.  Guardian and Ward—Appointment of Guardian—Precedence.— The county court should in making an appointment follow the order of precedence pointed out in the statute unless there is good cause for not doing so.

STROTHER & HAMILTON and S. B. SEYMOUR for appellants.

J. F. COMBS for appellee.

Opinion of the Court by Chief Justice Carroll— Affirming.

In 1914 William Simmons died a resident of Bullitt county, Kentucky, leaving a large estate, consisting of farming lands in Bullitt county, and personalty.   He left surviving him his widow and two little girls under fourteen years of age.   His widow died in December, 1917, and on February 5, 1918, Robert L. Simmons, a brother of William Simmons and a resident of Bullitt county, was appointed by the Bullitt county court as guardian of the two infant children of his deceased brother.

On February 11, 1918, Mrs. Eva Forsyth Brown, after notice previously given to Simmons, moved the Bullitt county court to set aside the order appointing him guardian of the infants and requested the court to appoint the Louisville Trust Company as their statutory guardian in his stead.   In support of this motion she filed her affidavit setting forth that she was the grandmother and next of kin of the infants and that the mother and father, grandmother and grandfather on the paternal side as well as the grandfather on the maternal side were dead.   On hearing the motion the court refused to remove William Simmons as guardian and appoint the Louisville Trust Company in his stead, and thereupon Mrs. Brown prosecuted an appeal to the Bullitt circuit court, which court, after hearing evidence, affirmed the julgment of the Bullitt county court, and Mrs. Brown in her own right and the children by her as their next friend prosecute this appeal from the judgment of the circuit court.

At the very outset our attention is directed to the fact that when Mrs. Brown made the motion on February 11

in the Bullitt county court to set aside the order appointing Robert L. Simmons guardian of the infants, the order appointing him made on February 5 had not been signed by the judge of the Bullitt county court, but in the view we have of the case we do not think the fact that the judge on February 11 had not signed the order of court made on February 5 appointing Simmons guardian material in the consideration of the question here presented as we may assume that the judge of the Bullitt county court when his attention was called on February 11 to the fact that the order made on February 5 had not been signed by him did sign it as he had the right to do. But aside from this the question raised may be treated as if the matter before the Bullitt county court was whether Robert L. Simmons should be appointed guardian of the children or the Louisville Trust Company at the request of Mrs. Brown.

It is provided in section 2021 of the Kentucky Statutes that "In appointing a guardian the court shall pay proper attention to the following order of precedent in writing, and not depart therefrom unless it deems that prudence and the interest of the infant so require. First: The father or mother or one most suitable for the trust. Second: If either the father or mother be dead then the surviving parent, if deemed suitable for the trust. Third: If both father and mother be dead then the testamentary guardian named by the last surviving parent. Fourth: The next of kin."

It may also be conceded that as the father and mother of the children had died without any testamentary guardian having been named by either of them and they had no brothers or sisters, Mrs. Brown, the only surviving grandparent, was nearer of kin than Robert L. Simmons, the uncle of the children, and therefore Mrs. Brown, as the grandmother, if she had been a qualified and suitable person, would have been entitled to precedence in the appointment over Simmons, the uncle, if the appointment lay between these two persons.

Mrs. Brown, however, on account of her age and lack of qualifications to manage the estate did not seek the appointment as guardian, and we may well assume would not have been appointed by the county court if she had sought for herself the appointment.

It will be observed that the statute does not give to the next of kin the arbitrary right to demand the appointment nor is the court confined in making the ap-

pointment to the next of kin. The statute reads that in appointing a guardian the order of precedence prescribed shall not be departed from by the court "unless it deems that prudence and the interest of the infant so require." So that whenever it appears to the court that the interest of the infant would be better subserved it may go outside the next of kin and appoint a suitable and qualified stranger. And when the court has done this and its action has been approved by the circuit court on appeal we would be very reluctant to interfere with the decision of the county court and the circuit court, as we would presume both of these courts acted for what they conceived to be the best interests of the infants.

We do not of course mean to say that the county court should not, as provided in the statute, pay proper attention to the order of precedence in making an appointment when the appointee is to be selected from the class named in the statute or to say that the court may lightly or without good cause go outside of the class of persons named in the statute.

But when the court does select a stranger we must give to its decision great weight especially after its approval by the circuit court, and unless it plainly appeared from the evidence that the best interests of the infants would be promoted by removing the guardian appointed by the county court and approved by the circuit court would not interfere with the discretion lodged by the statute in these courts.

In Wright v. Boswell's Guardian, 31 Ky. L. Rep. 700, we had before us a question very similar to the one here presented. In that case there was a contest between the grandmother of the infants and their aunt as to which should be appointed guardian. The county court refused to appoint either of them and placed the guardianship in the hands of a suitable and qualified stranger. This ruling of the county court was approved by the circuit court and in affirming the judgment of the circuit court we said:

"An examination of the foregoing section and other sections of the statutes discloses the fact that the legislature has vested in the county court a very broad discretion in the appointment of guardians. Of the wisdom of this power there can be no question. The county court is on the grounds. It knows the people of the community, and in many instances their family history. It comes in contact with the parties. It can judge of their pecu-

liarities and eccentricities, of their fitness or unfitness. The witnesses are brought before it. It can determine the motives and interests that prompt their testimony. Where the action of the county court, therefore, is not arbitrary or based upon insufficient evidence, but is for what it considers the best interests of the infants, the higher courts should not hesitate to affirm its action."

It is, however, insisted by counsel for Mrs. Brown that the same rule should be applied in the appointment of a guardian as obtains in the appointment of an administrator, and the argument is made that in the case of an administrator the person entitled to the appointment may, even if disqualified, nominate a qualified person to act. Anderson v. Anderson, 161 Ky. 18; Louisville Trust Co. v. Bingham, 178 Ky. 573.

But as the next of kin may not arbitrarily demand appointment as guardian neither can the person nominated by the next of kin, as such a person could not under any circumstances occupy a more favorable position than a next of kin who was qualified and suitable.

If, however, the court should appoint a suitable and qualified person nominated by the next of kin we would give to this appointment the same consideration and weight that its appointment of any other person would be entitled to. In short, we may repeat that an appointment made by the county court and approved by the circuit court will not be set aside unless for good cause.

In this case there is no question made as to the suitability of Robert L. Simmons to act as guardian. He has executed ample bond and has all the qualifications necessary to give intelligent and attentive care to the estate of the wards and we are not disposed to disturb his appointment.

Wherefore the judgment is affirmed.