## Herron v. Herron's Guardian.

(Decided January 13, 1920.)

### Appeal from Mason Circuit Court.

1. Guardian and Ward—Removal.—Where the father of an infant is dead, and the mother has deserted the child and turned it over to its grandmother who has cared for it for a number of years, and the county court has on motion of the grandmother appointed a suitable person or institution as guardian for the infant, the court will not, on motion of the mother afterwards made, remove such guardian and appoint the mother.

2. Guardian and Ward—Removal.—A county court will not remove a guardian after appointment and qualification, except for cause.

3. Guardian and Ward—Removal.— Where the mother is shown to be a dissipated woman, addicted to the use of strong drink and otherwise immoral, the county court should refuse to name her the guardian of her child, and it will not remove a qualified and efficient guardian on motion of the mother in order for her to qualify or designate another, as provided by section 2021 Kentucky Statutes, except for cause shown against the guardian.

ALLEN D. COLE for appellant.

WORTHINGTON, COCHRAN & BROWNING for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal presents the question of whether a guardian, duly appointed and qualified, may be removed on motion of a parent of the infant, who desires herself to qualify, without alleging and showing cause for the removal of the guardian. Elizabeth Herron is the mother of Thomas Lee Herron who is about thirteen years of

age. His father was Thomas Herron. A short time before this litigation arose Thomas Herron, who was in the employ of a construction corporation, was killed through the negligence of his employer, and in order to recover for the death of Thomas Herron it was necessary to have an administrator appointed. This was done. About the same time the Bank of Maysville was appointed guardian for the infant Thomas Lee Herron. A compromise was effected with the employing corporation whereby it agreed to pay $6,000.00 in damages for the death of Thomas Herron. Appellant Elizabeth Herron was the wife of Thomas Herron. As far back as 1903 she went to Cincinnati, Ohio, and became estranged from him and, according to the evidence, led a life of dissipation and lived in adultery, separate and apart from him ever after. She also gave her child, Thomas Lee Herron, to its grandmother, Mrs. Theodosia Herron, who also lived in Cincinnati. Thus continued the relations of the parties up to and after the death of Thomas Herron in 1917. After the death of Thomas Herron, the Mason county court on motion of the grandmother, Mrs. Theodosia Herron, appointed the Bank of Maysville guardian of Thomas Lee Herron, and it has since exercised the duties of the office. Very shortly after the appointment of the bank as guardian, appellant Elizabeth Herron filed in the Mason county court a petition and motion moving and praying the court to set aside the order appointing the bank as guardian of her son, Thomas Lee Herron, and "to give her an opportunity to comply with the law and receive said appointment herself, or to designate some suitable person agreeable to the court to act as such guardian." The bank filed an answer and motion to dismiss in which it affirmatively alleged that the appellant gave the infant, when it was not quite a year old, to its grandmother and voluntarily abandoned and deserted her husband and infant, and went to Cincinnati, Ohio, "where she lost herself into an open life of shame and degradation; that for ten years last past she has lived and continued to live an open life of adultery with one and many, accompanied by a life of drunkenness." It was further alleged that the mother on account of her immoral life was an unfit person to be guardian of her infant child. The answer also traverses the allegation of the petition and motion in so far as that pleading alleged fraud or fraudulent practice or intent on the part of the grandmother and the bank in obtaining the guard-

ianship. After the pleadings were made up, evidence was taken on behalf of the Bank of Maysville, guardian, which sufficiently supports the allegations of the answer to satisfy the court that the mother of Thomas Lee Herron is and was a woman of immoral habits, wholly unfit to have the custody and control of her infant son and unsuited to manage his estate. On the contrary no evidence was offered whatever to show that the bank, which was appointed guardian, was unsuited in any manner to exercise the trust and to perform the duties of guardian to the infant Thomas Lee Herron.

This court has frequently held in cases involving the guardianship of infants under the age of fourteen years, that a guardian who has been duly appointed will not be removed except for cause. Clay v. Clay, 28th R. 398, 89 S. W. 500; Estridge v. Estridge, 25 R. 1076, 76 S. W. 1101. The most recent utterance of this court on the subject will be found in the case of Simmons v. Simmons, 185 Ky. 449. There we held that a guardian who had been appointed by the county court and who had qualified and entered upon the discharge of the duties of the office would not be disturbed unless it plainly appeared that in making the appointment the county court abused the discretion vested in it by section 2021 of the statutes which allows the court to depart from the order of precedent laid down in the statutes when the interest of the infant so requires. We further said "and when the court has done this and its actions have been approved by the circuit court on appeal, we would be very reluctant to interfere with the decision of the county court and the circuit court, as we would presume both of these courts acted for what they conceived to be the best interest of the infant. . . . When the court does select a stranger we must give to his decision great weight, especially after it is approved by the circuit court, and unless it plainly appeared from the evidence that the best interest of the infant would be promoted by removing the guardian appointed by the county court and approved by the circuit court, we would not interfere with the discretion allowed by the statutes in these courts." This we regard as a sound and safe rule, and shall apply it in this case. From the evidence we are fully convinced that the county court made no mistake in appointing a stranger rather than the mother of Thomas Lee Herron as his guardian. The mother appears to have had little or no interest in her son until it became ap-

parent that the son was to inherit money from the estate of his deceased father, then she became active and wanted to take charge of him. Before that time she had allowed his grandmother to support him and to look after his interest. The evidence also shows that she was frequently drunk and that she was a woman of immoral character. No such person, even though she be a mother, is entitled to have the care and training of a young child of the impressionable age of Thomas Lee Herron. The test in such case, however, is, is the guardian a suitable person, all things considered, to have the guardianship of the infant? No question is made as to the suitableness of the present guardian. It is not charged with infidelity, inefficiency, lack of interest, or other disqualifying intention or conduct, and there is, therefore, no reason shown for its removal as guardian. We, therefore, conclude that there is no error in the judgment of either the county court or circuit court, and the judgment must be and is affirmed.

Judgment affirmed.