## Hines, Adm'r of Veterans' Affairs, v. Brown's Committee.

(Decided Oct. 1, 1935.)

(As Modified on Denial of Rehearing Dec. 20, 1935.)

GEORGE R. BROWN, Jr., and J. H. PAYNE for appellant.

MARTIN T. KELLY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Affirming.

Frank T. Hines, Administrator of Veterans' Affairs, by his attorney, George R. Brown, brought this action by motion in the Breckinridge county court, requesting removal of Murray L. Brown, committee of McAuliffe Brown, an incompetent, on the ground that

the committee had failed to invest the funds of his ward in accordance with the statutes, but had left these funds on time deposit for a period of years in the Bank of Hardinsburg & Trust Company, Hardinsburg, Ky. The county court overruled the motion, whereupon the Administrator of Veterans' Affairs appealed to the Breckinridge circuit court, where the case was heard de novo, and the circuit court also overruled the motion; hence this appeal.

On January 30, 1931, the Bank of Hardinsburg & Trust Company closed its doors and went into the hands of a receiver, at which time Murray L. Brown, committee, had on deposit in said bank the sum of $5,506.66, on time deposit, at 4 per cent. interest, and $571.97 on checking account. It is alleged in the affidavit filed in support of the motion for removal of the committee that he (the committee) had various sums of money of his ward on deposit in various banks. But there is no complaint that any loss had been sustained by reason thereof, except the sums deposited in the Bank of Hardinsburg & Trust Company, and no loss is definitely established in this respect, except that it is stated in the affidavit that W. J. Piggott, special deputy banking commissioner, stated in a letter to the affiant "that no dividends or distribution of any kind had been, to that date, made by the Bank of Hardinsburg & Trust Company, and that the account of Murray L. Brown, committee of McAuliffe Brown, had no different status than the other accounts, and that it would be impossible to state when the affairs of the bank would be wound up." It is further stated in the affidavit that the committee has not shown proper diligence and has failed to properly conserve the estate of the incompetent, McAuliffe Brown, and has placed in jeopardy over $6,000 of the assets of the estate of the incompetent through his negligence and failure to carry out the provisions of the Statutes of Kentucky relative to investing trust funds.

It appears that the motion is based on section 4706 of the Kentucky Statutes, which, among other things, provides:

"That it shall be lawful for persons or corporations holding funds in a fiduciary capacity for loan or investment, to invest the same in real estate, mortgage notes or bonds or in such other interest

bearing or dividend paying securities as are regarded by prudent business men as safe investments, and to make loans with such securities as collateral.''

It will be noticed that in addition to the class of investments specifically mentioned in the statute, it further says:

''or in such other interest bearing or dividend paying securities as are regarded by prudent business men as safe investments * * *.''

When the committee, appellee, deposited his ward's funds in the bank and obtained therefrom an interest-bearing certificate, it was such investment as is authorized by the state, supra. If in making such deposit or investment the committee acted in good faith and used reasonable diligence and prudence in his selection of the bank, he is not liable for the loss resulting from the failure of the bank. 65 C. J. p. 700, sec. 566, and notes thereunder. The question presented is whether or not appellee exercised care and prudence in investing his ward's funds in the manner he did.

It is stipulated and agreed by the parties as follows:

''Second, that the Bank of Hardinsburg & Trust Company had for many years prior to the time this business was closed by the Banking Commissioner of Kentucky paid regular dividends—for more than ten years—and had paid a dividend in December, 1930, prior to the time it closed its business; that Murray L. Brown regularly received a copy of the published financial statement of the said Bank and kept in touch with the same; that in December before the bank closed its doors he visited Hardinsburg, where his family lived, and made inquiries about the financial condition of the Bank and was assured that same was sound; that the only question raised by the Veterans' Administration is that Brown should be removed because he did not invest the funds according to section 4706, it being their position, that money at interest, such as shown by the stipulation, does not comply with that section of the Statutes and is not an investment; that the Veterans' Administration does not accuse Mr. Brown of any misapplication

of funds or of any misconduct in the administration as committee for said ward.''

It is further stipulated, in substance, that Murray L. Brown had made regular periodical settlements with the county court and had handled the funds of his ward strictly according to law except his failure to invest the funds in some class of securities, instead of lending it to the bank, and that when he succeeded his deceased father as committee there was on time deposit in the Hardinsburg Bank & Trust Company $3,384.38, at 4 per cent. interest, and that he permitted this sum to remain in the bank and from time to time made additional time deposits at the same rate of interest, in the same bank, until it had accumulated in the sum above stated at the time the bank closed. It is further shown, according to the stipulation, that the committee was diligent in keeping himself informed as to the financial condition of the bank, and it had been paying dividends for the past several years and had paid a dividend on its stock in December, 1930, approximately one month before it closed. It is admitted that appellee is a capable and fit person to manage his ward's estate, and his integrity is not questioned. It is only insisted that he was indiscreet in lending his ward's funds to the bank on interest-bearing certificate instead of otherwise investing it.

Under these facts, it cannot be said that appellee did not exercise prudence and care in the investment of his ward's funds. And, furthermore, it must not be overlooked that the removal of a fiduciary rests largely in the discretion of the trial court, and its judgment will not be interfered with by this court unless an abuse of discretion is made to appear. Herron v. Herron's Guardian, 186 Ky. 483, 217 S. W. 361; Simmons v. Simmons, 185 Ky. 449, 215 S. W. 86; Gill v. Riley, 90 S. W. 2, 28 Ky. Law Rep. 639; 28 C. J. 1108, sec. 166.

We do not think the showing made in this record justifies the removal of appellee.

Wherefore the judgment is affirmed.