## Renick's Ex'r v. Renick, &c.

### APPEAL FROM CLARK COURT OF COMMON PLEAS.

COMPENSATION OF EXECUTORS.—The court is not authorized to allow an executor for all his services more than five per cent. on the amounts received and distributed by him. The statute fixes that amount as the maximum of his compensation for all his services, and not merely for his services in receiving and distributing the estate. But the court may, in addition to that amount, allow him his expenditures.

In this case, although the executor, in addition to his other duties, performed valuable services in a protracted and bitter contest over the will, which was finally probated, the court is not authorized to allow him for his services more than five per cent. on the amounts received and distributed by him.

W. M. BECKNER FOR APPELLANT.

1. The General Statutes, providing compensation to executors and administrators at five per centum on all the amounts received and distributed, does not preclude an additional allowance for extra services rendered the estate. (Littell's Laws of Ky., vol. 1, p. 623; McCracken's Heirs v. McCracken, &c., 6 Mon., 348; Morehead & Brown's Statute Laws, vol. 1, p. 510; Wood v. Lee, 5 Mon., 66; Cabell v. Cabell, 1 Met., 334; Revised Statutes, vol. 1, p. 507; General Statutes, chap. 39, art. 2, sec. 52; Fleming v. Wilson, 6 Bush, 613.)

2. The agreement between appellant and appellees, founded upon a good consideration, that appellant should have additional compensation for extra services in attending to the estate, entitles appellant to it, notwithstanding the Statute fixing compensation for receiving and paying out. (Bowker v. Pierce, 130 Mass., 262; Biscoe v. State, 23 Ark., 592; Fleming v. Wilson, 6 Bush, 611; Collier v. Munn, 41 N. Y., 143; Roberts, &c., 3 Johnson's Ch., 43; Civil Code of La., 1776; McWhirter v. Benson, 1 Hopkins' Ch., 28; Vanderheyden v. Vanderheyden, 2 Paige, 287; *in re* Bank of Niagara, 6 Paige, 213; Green v. Winter, 1 Johnson's Ch., 26, 6 Mon., 348; 5 Dana, 44, 1 B. M., 179; Baldwin's Ex'r v. Carleton, 15 La., 398; Succession of Sprowl, 21 La. An., 544; Emerson, Appellant, 33 Me., 160; Lent v. Howard, 89 N. Y., 169; Clinch v. Eckford, 8 Paige, 412; Cairns v. Chaubert, 9 Paige, 163; De Peyster, 4 Sanford, 514; Wagstaff v. Lowerre, 23 Barb., 225; Philip v. Bustard, 1 B. M., 350; Lane v. Coleman, 8 B. M., 571; Woerner on Am. Law of Adm'r, 528; West v. Smith, 8 Howard, 402; Allen v. Martin, 34 Ala., 445.)

HAGGARD & BENTON FOR APPELLEES.

1. Section 52, article 2, chapter 39, of the General Statutes, restricts the allowance to fiduciaries to the percentage therein provided. (Young v. Chaney, 3 La., 464; Baldwin v. Carlton, 15 La. An., 626; Succession of Sprowl, 21 La. An., 544; Succession of Lisle, 24 La. An., 490.)

2. When a legacy is of a specific thing and satisfied by the delivery of that thing in kind commission upon the value of the thing can not be allowed. (College v. Willingham, 13 Rich. Fq., S. C., 203; Wright v. Wilkinson, 41 Ala., 268; Allen v. Martin, 34 Ala., 442, 36 Ala., 332; Jenkins v. Jenkins, 33 Ala., 731; Gordon v. West, 8 N. H., 444; Walton v. Avery, 2 Dev. & Bat. Eq., 411; 3 Illinois Institutes, 245; Granberry v. Granberry, 1 Wash., 249; Hipkins v. Bernard, 4 Memf., 92; Fernekough v. Dickinson, 2 Rob., 582; Claycomb v. Claycomb, 10 Grattan, 598.)

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

Abram Renick, the appellant's testator, was, at the time of his death, worth at least three hundred thousand dollars, consisting of a large and valuable tract of land and $64,570.37 of personalty. He willed this estate to the children of one of his nephews and appointed the appellant executor of said will, who caused the will to be probated and then qualified as executor and executed its provisions. The heirs at law of Abram Renick contested

the validity of the will in the Common Pleas Court, and
the contest over it was able, protracted and bitter; but on
the second trial the decision was in favor of the will.
The appellant devoted much time and great energy and
sagacity to this contest, and it is conceded that but for his
energy, judgment and influence the result probably would
have been different. It also satisfactorily appears that the
other executorial services of the executor were efficient and
valuable. After the will contest was over and the estate
nearly wound up and settled the executor asked the Com-
mon Pleas Court for an allowance of twenty thousand dol-
lars for his services. The commissioner fixed his allowance
at about ten thousand dollars, but the court, on the hear-
ing of the question, allowed him for his services five per
cent. on the amount of the personalty and the expenses
that he incurred about the will contest—total, $3,728.57.
This amount, the court held, was as much as he was
authorized to allow under the statute, but regretted that
a greater sum could not be allowed, as the services were
worth more than said sum. We concur with the Chan-
cellor that the services were worth more than the sum
allowed, but is not the maximum sum of five per cent. on
all " amounts received and distributed " by the executor
and his actual expenses incurred the " *ultima thule* " of the
court's power in that regard? We think it is. Let us see.

Prior to 1873 the amount of allowance to executors,
administrators, etc., for settlement of estates was left to
the sound discretion of the court fixing the allowance. It
was thought by the Legislature adopting the General
Statutes that the discretion had been greatly abused in
the interest of such fiduciaries to the detriment of the
estates confided to their custody; therefore the maximum

allowance for their services was fixed at five per cent. on the first thousand dollars, four per cent. on the second thousand, three per cent. on the third thousand and two per cent. on the remainder. The Legislature, deeming that these graded maximum sums might not, in some cases, be enough, in 1876 authorized a maximum allowance of not exceeding five per cent. " on all the amounts received and distributed." The allowance thus limited was not intended to be confined to compensation for the mere acts of " receiving and distributing " and the routine usually required in the performance of such duties, for the court fixing the compensation is allowed a discretion controlled by the character of services rendered in any sum not exceeding five per cent. on " all the amounts received and distributed," which amounts include the entire estate that the law or will requires the fiduciary to receive and pay over or divide among the persons entitled to it, and which he does receive and pay over, etc. Said sum of five per cent., as said, is the maximum allowed for all the duties that are required of the fiduciary in order to carry out, in good faith, to the best of his ability, the trust that he has assumed.

The Legislature, on the 6th of March, 1876, while the graded allowance was in force, provided that the court of equity having charge of the settlement of an insolvent estate to settle and distribute, etc., among creditors, might, with the consent of a majority of the creditors in amount, allow the executor, etc., a greater compensation than that allowed by law, not to exceed five per cent. upon the " whole amount collected and paid out." Said act, when considered in connection with the evil intended to be remedied by the Act of 1873, leaves no doubt on the mind

that the Act was intended to control the compensation for the entire services that it was the duty of the fiduciary to perform.   But as said allowance does not necessarily include the money that the fiduciary has to pay out in the performance of said duties, if the per cent. allowed by law is not sufficient to cover the expenditure and services, the court should allow the expenditure as an additional charge against the estate.

There is no error of the court in the matters of the cross appeal.

The judgment is affirmed on appeal and cross appeal.