[Civ. No. 655. Fourth Appellate District.—September 19, 1932.]

In the Matter of the Estate of OTTO S. LEWIS, Deceased. REEVES AYLMORE, Executor, etc., Appellant; TRUMAN LEWIS, Respondent.

 

West & McKinney for Appellant.

Forgy, Reinhaus & Forgy and A. M. Bradley for Respondent.

MORTON, J., *pro tem.*—The appeal in this matter concerns solely the interpretation of a clause in the will of Otto S. Lewis, also known as O. S. Lewis, deceased, who died November 18, 1926. His will and the two codicils supplementary thereto were admitted to probate and the estate administered in Orange County, California. It involved properties in New Mexico, Arizona, Oregon, Washington and California, and required four years to administer. The Orange County Trust & Savings Bank, a corporation, was named executor in the original will, but this appointment was changed by the codicil. Reeves Aylmore was appointed executor under the terms of the second codicil. He duly qualified and carried through a very successful and beneficial administration of the estate.

Paragraph 13 of the will provided for the compensation of the executor in the following phraseology: "and hereby fix its compensation as such Executor at five per cent. (5%) of the moneys received and paid out by it". At the hearing of the final account and petition for distribution, the court in its order determined the fees of the executor to be as follows: "That the Executor's fees, by the terms of the will, are 5% of the moneys received and paid out. The term 'moneys received and paid out' used in the will being construed by the Court as meaning 5% on the total value of said estate in the hands of said Executor; the 5% to be figured on this basis and not 5% on the moneys received and again 5% on the moneys paid out." The court decreed that the word "moneys" under the terms of the will of decedent meant the whole of said estate as received and accounted for by the executor. This portion of the order was not attacked by either side and is not before us for interpretation.

Therefore the only question involved on this appeal is whether the fees of the executor should be five per cent or ten per cent of the whole estate.

Appellant contends that he is entitled to five per cent of all moneys received and five per cent of all moneys paid out, thus giving him as executor ten per cent of the entire value of the estate as his fee. In support of his interpretation of the paragraph of the will which is in question, appellant relies chiefly upon *Demarest* v. *Inhabitants of New Barbadoes Tp.*, 40 N. J. L. (11 Vroom) 604, 606. By an act of the legislature of New Jersey the township collector was given three-fourths of one per cent of all school funds *received and paid out by him* for school purposes during the year to be paid out by the township committee from the funds of the township. In construing this phrase the court said: "The ¾ of 1% given by the above act (of March 1867) were held below to be allowable on the funds received by the collector for school purposes and again, also, on the funds paid out by him for such purposes for the reason that the words 'funds received and paid out' would on the opposite construction be the same if the word 'received' had been omitted, inasmuch as the collector would not pay out funds not received. To give the word 'received' its proper meaning and effect the percentage was allowed on each of the funds named."

Respondent, in opposition to appellant's contention, cites the case of *In re Roberts*, 3 Johns. Ch. (N. Y.) 43. In granting an allowance for guardian's compensation on a petition for caring for the estate of a lunatic Chancellor Kent made the following provision: "5% on all sums received and paid out, not exceeding $1000.00—i. e., 2½% for such sums received and 2½% for such sums paid out. Two and a half per cent. on any excess between $1000.00 and $5000.00. One per cent. for all above $5000.00." We therefore come to the point of determining whether, from an interpretation of the language employed in the will, it shall be held that the intention of the testator was in accordance with the construction drawn by the New Jersey decision or with that of Chancellor Kent.

In the interpretation of wills the testator's intention is to be discovered primarily from the language used. Many times the examination of the entire instrument will furnish a clue

as to the testamentary scheme. Referring to decedent's will we find that although it disposed of a large estate he limited his funeral and burial expenses to $200. In paragraph seven of the will he stated: "It is my desire and I so direct that unless absolutely necessary, my executor be relieved from all forms and proceedings required by the laws of California or of other states where any of my property may be situated, in reference to the settlement or administration of estates of deceased persons. . . . " Evidently realizing that his properties were widely scattered and somewhat difficult to manage, he advised his executor to consult certain parties whose names and addresses he incorporated in his will. It is thus apparent that he endeavored in every way to conserve expense and avoid unnecessary procedure in the administration of his estate.

As a guide for the interpretation of wills we have section 102 of the Probate Code, which reads as follows: "The words of a will are to receive an interpretation which will give to every expression some effect, rather than one which will render any of the expressions inoperative; and of two modes of interpreting a will, that is to be preferred which will prevent a total intestacy." Also section 103: "Where the meaning of any part of a will is ambiguous or doubtful, it may be explained by any reference thereto, or recital thereof, in another part of the will. All the parts of a will are to be construed in relation to each other, and so as, if possible, to form one consistent whole; but where several parts are absolutely irreconcilable, the latter must prevail." In 26 California Jurisprudence, page 887, section 203, it is stated: "If a disputed word or phrase has a well-defined legal or popular meaning, the presumption is that the testator intended the expression to have this meaning; and this presumption will be given effect, unless an intention to use the term in another sense is disclosed by the context of the will. . . . " We find in the case of *In re Willets' Estate,* 112 N. Y. 289, 665 [19 N. E. 690, at 694], that a New York statute provided in probate matters for the following commission to executors: "For receiving and paying out all sums of money, not exceeding one thousand dollars, at the rate of five dollars per cent.; for receiving and paying out any sums exceeding one thousand dollars, and not amounting to ten thousand dollars, at the rate of two dollars and fifty

cents per cent.; for all sums of above ten thousand dollars, at the rate of one dollar per cent." In its opinion the court said: "This language received at a very early date construction in the courts, and it was held that executors, administrators and trustees were entitled to one-half of their commissions for the receipt of the funds, and the other half for paying out the same." A Kentucky statute authorizing a maximum allowance to executors of five per cent "on all the amounts received and distributed" was interpreted in the same manner in the case of *Renick's Exr.* v. *Renick et al.*, 92 Ky. 335 [17 S. W. 1018]. Therefore, considering the entire contents of the will, the surrounding circumstances and the legal interpretation that has been given to the phrase "received and paid out" in connection with the administration of estates we believe that the trial court correctly interpreted this compensatory paragraph of the will in its finding.

Over the objection of respondent evidence was admitted concerning oral declarations of the decedent to the executor as to what he intended should be the compensation of the executor of his estate. The ambiguity created by his phrase "5% of the moneys received and paid out" we feel is not a latent ambiguity and therefore the oral declarations of decedent were not admissible. (Civ. Code, secs. 1318 and 1340, now covered in sec. 105, Probate Code; 26 Cal. Jur. 890, sec. 206.) This error, however, was in favor of appellant and he cannot be heard to complain.

The order appealed from is hereby affirmed.

Barnard, P. J., and Jennings, J., concurred.