[Civ. No. 8443.  First Appellate District, Division Two.—November 7, 1932.]

MARY O'NEILL, Respondent, v. CARL WILLIAMS et al., Appellants.

386

Humphrey, Searls, Doyle & MacMillan and Morgan J. Doyle for Appellants.

Ford & Johnson and J. Horton Beeman for Respondent.

SPENCE, J.—Plaintiff brought this action to recover damages for personal injuries. Upon a trial by jury she recovered judgment against defendants, from which judgment defendants appeal.

The undisputed facts having reference to the questions presented on this appeal may be briefly stated. Defendant Carl Williams and defendant Gladys Williams were husband and wife. The automobile involved belonged to the defendant Gladys Williams, having been acquired by her prior to her marriage to the defendant Carl Williams. At the time of the accident defendant Carl Williams was operating said automobile on a personal pleasure trip with the knowledge and permission of his wife. It is conceded that he was not accompanied by his wife and that he was not acting as the agent of or for the purposes of his wife in operating his automobile at the time. Judgment was entered against defendant Carl Williams in the sum of $12,500 and against the defendant Gladys Williams in the sum of $5,000, said last-named sum being the limit of liability herein of said defendant Gladys Williams as owner of the car under the provisions of section 1714¼ of the Civil Code.

The only questions raised on this appeal involve said section 1714¼. Appellants first contend that said section is "unconstitutional and void", but we find no merit in this contention. Under this heading appellants argue that said section violates the provisions of the Fourteenth Amendment to the Constitution of the United States and the provisions of article I, section 11, of the Constitution of this state in that "it does not apply to all owners of motor vehicles" and "it 'does not give equal protection to all injured persons". The only authorities cited by appellants are *Yesler* v. *Washington Harbor Line Commrs.*, 146 U. S. 646 [13 Sup. Ct. Rep. 190, 36 L. Ed. 1119], and *Watson* v. *Greeley*, 67 Cal. App. 328 [227 Pac. 664], but these cases are not helpful. It has been heretofore held that said section is constitutional even though it does not apply to all vehicles. (*Sutton* v. *Tanger*, 115 Cal. App. 267 [1 Pac. (2d) 521].) Here the objection is that it does not apply to all "owners". This objection is based upon the terms of the section which provide that a vendor under a conditional sales contract shall not be deemed an "owner" for the purposes of the section until he retakes possession of the vehicle. This exemption of conditional sales vendors is no doubt based upon the distinction that such vendors have parted with the right to present possession under contracts which have for their ultimate purpose the vesting

in the vendee of the legal title, together with the right to possession for all times. After the contract has been executed it is the vendee and not the vendor who has the right to grant to or withhold from others permission to use the car and if the vendee complies with the terms of the contract, the vendor never regains the right to possession thereof. It is therefore entirely natural and reasonable that the section should make this distinction treating the conditional sales vendee rather than the conditional sales vendor as the "owner" of the car for the purposes of the section. Such classification or exemption is permissible without violating any of the constitutional provisions mentioned above. (5 Cal. Jur. 823 et seq.) ▮ If there is any merit in appellants' further objection on the ground that said section does not give equal protection to all injured persons, such objection is not available to appellants. (12 C. J. 768; 5 Cal. Jur. 623.)

▮ Appellants further contend that even if said section is valid, it does not apply where the owner is the wife of the operator. Appellants proceed to argue that in this state the "husband has the *legal right* to use the separate personal property of the wife without any permission or consent on her part" and therefore the "husband's use of his wife's car is a use *as of right,* and not a *permissive* use" within the meaning of the section. No authority is cited supporting appellants' premise and in our opinion it is an erroneous statement of the law. The husband's common-law rights in the separate property of the wife have been changed by statute and in this state "neither husband nor wife has any interest in the property of the other" except that "neither can be excluded from the other's dwelling". (Civ. Code, sec. 157; 13 Cal. Jur. 818.) It therefore follows that defendant Carl Williams had no legal right to use the automobile which was the separate property of the defendant Gladys Williams without her permission. It is conceded that he was operating said automobile with such permission. In our opinion said section is equally applicable where the wife of the operator owns the automobile as her separate property.

The third contention of appellants is that even assuming that the foregoing contentions are without merit "the instructions given in this case were erroneous and the judg-

ment must be reversed". The only instructions complained of are those relating to said section 1714¼ of the Civil Code and include those given on this subject in the main charge to the jury and also those given when the jury returned and asked for further instructions. These instructions are quite lengthy. It is unnecessary, however, to set them forth in this opinion unless it appears that the error, if any, in the giving of these instructions was prejudicial to appellants. Here the jury returned a single instrument entitled "Verdict" signed in two places by the foreman as follows:

"Verdict.

"We, the jury in the above-entitled cause, find a verdict in favor of plaintiff and against defendant Carl Williams for the sum of $12,500 twelve thousand five hundred & no/100 dollars.

"MICHAEL J. O'CONNOR

"Foreman.

"We, the jury further find the verdict in favor of plaintiff and against defendant Gladys Williams for the sum of $5,000.00 Five Thousand & No/100 Dollars.

"MICHAEL J. O'CONNOR

"Foreman."

Following the recording of the verdict, a single instrument entitled "Judgment on Verdict" was entered which recited the verdict above set forth and adjudged that plaintiff have and recover from defendant Carl Williams the sum of $12,500 and costs in the sum of $153.40, and further adjudged that plaintiff have and recover from defendant Gladys Williams the sum of $5,000 and costs in the sum of $153.40.

Appellants' real attack is upon said judgment rather than upon the instructions which resulted in the verdict upon which the judgment was based. Appellants seem to treat the judgment as one awarding respondent damages in the sum of $17,500. They state that the "verdict and judgment, if any, against the operator, must be for the full amount of damages sustained by plaintiff" and "If, in addition to that verdict and judgment for the full amount of plaintiff's damages, a further and additional verdict and judgment may be rendered in favor of plaintiff and against the owner, then plaintiff can enforce both judgments for a

total recovery in excess of the damages sustained by plaintiff.'' There is no doubt that the judgment against the operator should be for the full amount of the damage sustained and we agree that the judgment in the present case cannot stand in its present form if its effect is to give to plaintiff the right to collect an amount in excess of that awarded to plaintiff against the operator. But here respondent concedes that she is entitled to no more than an amount equal to that awarded against the operator and that the judgment against appellant Gladys Williams is based solely upon her liability as owner under the provisions of said section 1714¼. If that appeared upon the face of the judgment there would be no uncertainty as to the rights of the parties under the judgment and the alleged errors in the giving of instructions relating to said section could not be prejudicial to appellant. In our opinion it is only necessary to modify the judgment in the present case so as to make it appear with certainty that the liability of the appellant Gladys Williams to respondent is not entirely independent of and in addition to the liability of appellant Carl Williams to respondent, but is merely the liability imposed upon her as owner under the provisions of said section 1714¼. The nature of the judgment under that section is quite anomalous, but the situation bears some similarity to the situations discussed in *People* v. *Love,* 25 Cal. 520, *People* v. *Rooney,* 29 Cal. 642, and *Heppe* v. *Johnson,* 73 Cal. 265 [14 Pac. 833].

The judgment is modified by adding thereto the following provision: ''Provided however that no more shall be collected by plaintiff from said defendants than an amount equal to that awarded against the defendant Carl Williams, the liability of defendant Gladys Williams, being that imposed upon said Gladys Williams, as owner, under the provisions of section 1714¼ of the Civil Code.'' As so modified the judgment is affirmed and each of the parties will bear his own costs on this appeal.

Nourse, P. J., and Sturtevant, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 5, 1933.