[Civ. No. S. C. 51.   Second Appellate District, Division One.—June 4, 1937.]

In the Matter of the Estate of MARIAN POST HARTMAN, Deceased. WILLIAM F. HARTMAN, Appellant, v. JANE ASHLEY FRIESNER, Respondent.

P. E. Cavaney for Appellant.

Freston & Files and Sydney Wetzler for Respondent.

YORK, J.—Pursuant to the provisions of section 1080 of the Probate Code, appellant, who is the administrator with the will annexed of the estate of Marian Post Hartman, deceased, petitioned the court as an heir at law and as a devisee and legatee under the last will of said deceased, for an order determining the interest or heirship of respondent in the property of said estate. Respondent filed her written statement setting forth her claim under the will of decedent. From a decree adjudging appellant entitled to an automobile and certain household effects, together with a life estate in income from personal property, and adjudging respondent to be entitled to a piano and to the *corpus* of the personal property upon termination of the life estate of appellant, this appeal is prosecuted.

The bill of exceptions contains a stipulated statement of facts, to the effect (after setting out the jurisdictional facts) that decedent died on January 8, 1934, leaving *community* personal property consisting of one Studebaker automobile and certain household furniture; and leaving certain *separate* personal property consisting of one Steinway piano, 170 shares of the common stock of the Eastman Kodak Company and $472.42, the proceeds from the sale of shares of stock in the same company, which had been sold prior to the death

of testatrix but had not been paid for until after her death; also a dividend from the 170 shares of said stock amounting to $127.50; that since the inventory was filed 20 shares of said stock had been sold by order of court to pay the expenses of administration of said estate; that all of the real property was held by deceased and her husband, William F. Hartman, the appellant herein, as joint tenants; that deceased left surviving her several brothers and sisters, to each of whom she left the sum of $1; the respondent herein, and the appellant; that decedent left a will executed and subscribed by two witnesses, one of whom was Samuel Robert Friesner, husband of respondent; that respondent was named in the will as executrix thereof, as well as a beneficiary thereunder.

The questions raised by appellant upon this appeal are as follows: 1. That a bequest to the spouse of a subscribing witness is void. 2. That under the fifth paragraph of the will, appellant is entitled to the principal or *corpus* of the property bequeathed to him for life together with the right of consumption thereof.

The provisions of the will around which this contest revolves are as follows:

"Fifth: I give, devise and bequeath unto my beloved husband, William F. Hartman, in addition to the above, a life estate in and to my own separate property consisting of securities, or in and to my separate property that is now invested in securities, and I further devise, give and bequeath unto my beloved neice, Jane Ashley Friesner, the remainder over of all of my separate property after the termination of the life estate to my said husband.

"Sixth: I further give and devise to my beloved Neice, Jane Ashley Friesner, my Steinway piano."

In support of his first point, appellant claims that under section 51 of the Probate Code the husband of respondent "would be an *interested* person in his wife and in the estate of his wife upon her death"; and that neither spouse could qualify under that section "for the reason that they would not be *'disinterested witnesses'* ".

Section 51, *supra*, provides: "All beneficial devises, bequests and legacies to a subscribing witness are void unless there are two other and disinterested subscribing witnesses to the will . . . "

Apparently appellant bases his contention on the common-law rule that regarded a husband and wife as a single entity and made the wife subject to the will of the husband. That theory has long since been abandoned in this state, where the present policy of the law is to recognize the separate legal and civil existence of the wife. (*Wilson* v. *Wilson,* 36 Cal. 447, 454 [95 Am. Dec. 194], decided in 1868.) The more recent case of *O'Neill* v. *Williams,* 127 Cal. App. 385, at page 388 [15 Pac. (2d) 879], holds: "The husband's common-law rights in the separate property of the wife have been changed by statute and in this state 'neither husband nor wife has any interest in the property of the other' except that 'neither can be excluded from the other's dwelling.' (Civ. Code, sec. 157; 13 Cal. Jur. 818.)" Since the property acquired by respondent under the will is her separate property (sec. 162, Civ. Code), and her husband has no legal interest therein, it follows that she cannot be divested of her interest in such bequest by reason of the fact that her husband was a subscribing witness to the will.

In support of his second point, appellant urges that paragraph "Fifth" of the will in order to carry out the intent of the testatrix should read: " . . . the remainder over *of the unused portion* of all of my separate property after the termination of the life estate to my said husband." In other words, that when testatrix drew her will she "intended that her husband should have and enjoy the residue and money from the sale of the securities which she then owned and to use the money during his lifetime as he might choose to do, with the remainder over of the unused portion to go to her niece."

Said "Fifth" paragraph of the will was construed by the court as follows:

"It is further ordered, adjudged and decreed that Jane Ashley Friesner is entitled to receive as legatee and beneficiary under the will of Marian Post Hartman, deceased, subject to the right of William F. Hartman to solely receive the income therefrom during the period of his natural life, the following described cash and personal property belonging to the estate of said decedent and constituting the separate property of decedent, to wit:

"(a) 150 shares of stock in Eastman Kodak Company;

"(b) The sum of $477.72, constituting the proceeds of six shares of stock in Eastman Kodak Company, sold by decedent prior to her death but paid for afterwards;

"(c) The cash received from the sale of 20 shares of stock in Eastman Kodak Company sold pursuant to order of this court heretofore made.

"It is further ordered, adjudged and decreed that William F. Hartman is entitled to receive solely the income from the personal property hereinbefore described in the preceding paragraph during the period of his natural life, but no part of the principal or *corpus* thereof whatsoever."

The language of the will is clear and unambiguous; therefore, this court has no power to speculate as to the intention of the testatrix. In the case of *Estate of Johnson*, 107 Cal. App. 236 at 242 [290 Pac. 314], it is stated in a quotation from *Estate of Hoytema*, 180 Cal. 430 [181 Pac. 645]: "'Only through speculation and conjecture may the construction contended for by appellants be confirmed. And this cannot be countenanced in view of the cardinal rule to the effect that in the interpretation of wills it is not the probable intent which may have existed in the mind of the testatrix which prevails, but only that which is expressed in the language of the will.' (*Estate of Blake*, 157 Cal. 448 [108 Pac. 287].)"

It is further contended by appellant that the trial court erred because of its failure to make certain findings of fact. As has already been noted herein, this cause was submitted upon a stipulated statement of facts; this being so, no finding thereon is necessary.

The judgment appealed from is affirmed.

Houser, P. J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 2, 1937.