[Sac. No. 5497. In Bank. Jan. 26, 1942.]

BERT SPARKS, Respondent, v. PAUL ANKER BERNT-SEN et al., Appellants.

[Sac. No. 5498. In Bank. Jan. 26, 1942.]

JAMES L. JOHNSON, a Minor, etc., Respondent, v. PAUL ANKER BERNTSEN et al., Appellants.

[Sac. No. 5499. In Bank. Jan. 26, 1942.]

BERNARD A. COKER, a Minor, etc., Respondent, v. PAUL ANKER BERNTSEN et al., Appellants.

Hoge, Pelton & Gunther and Butler, Van Dyke & Harris for Appellants.

Nathan Goldwater, Leo Murcell, Orrin J. Lowell, Lowell & Lowell, Henry & Bedeau and Grover W. Bedeau for Respondents.

SHENK, J.—Appeals from judgments for the plaintiffs in consolidated actions.

The plaintiffs sued for damages sustained by reason of the conceded negligence of the defendant Berntsen, who was operating an automobile owned by the defendant Enge, when it collided with an automobile in which the three plaintiffs, Sparks, Johnson and Coker, were riding. At the time of the accident Berntsen was operating the automobile with the consent of Enge, but not in the latter's business or employment. The only question on the trial was the amount of damages. The only question on these appeals is whether the trial court entered judgments against each defendant and in favor of each plaintiff in accordance with the jury's verdict and the law of this state.

The court instructed the jury on the limitation of the owner's liability as prescribed by section 402 of the Vehicle Code. That section provides that the owner of a motor vehicle driven by his permission or consent but not in his employment or business is liable for death or injury resulting from negligence in the operation of the vehicle to the extent of not more than $5,000 for death of or injury to one person in one accident and not more than $10,000 for the death of or injury to more than one person in one accident, and not more than $1,000 for damages to the property of others in one accident. Under the statute the owner is primarily and directly liable jointly with the driver, and the owner's liability is the same as the driver's unless the verdict or judgment is in excess of the prescribed amounts. (*Broome* v. *Kern Valley Packing Co.*, 6 Cal. App. (2d) 256 [44 Pac. (2d) 430]; *Milburn* v. *Foster*, 8 Cal. App. (2d) 478, 480 [47 Pac. (2d) 1106]; *Carnes* v. *Pacific Gas & Electric Co.*, 21 Cal. App. (2d) 568, 572 [69 Pac. (2d) 998, 70 Pac. (2d) 717].)

After the case was submitted to it the jury returned to the court room for further instructions on the question of the liability of the respective defendants. By stipulation the written instructions were taken to the jury room for consideration by the jury in its deliberations. Thereupon the jury returned verdicts in favor of the plaintiffs in all three actions. It assessed the damages in the Sparks case at $8,000 against the defendant Berntsen, the driver, and $3,000 against Enge, the owner; in the Johnson case, at $1,250 against the driver and $845 against the owner; and in the Coker case at $1,250 against the driver and $750 against the owner. The difference

between the sums so assessed against the owner in the two latter cases represented the stipulated property damage sustained by the plaintiff Johnson.

At the request of the plaintiffs the jury was polled. The plaintiffs objected to the entry of the verdicts on the ground that they were not in accordance with law and the court's instructions. The plaintiff requested further submission of the issue to the jury. The court referred the cases again to the jury, with appropriate typewritten instructions. During the course of its further deliberations the jury returned to ask the question whether, if it assessed a certain sum against each defendant, the total of such sums was assessed in favor of the plaintiff. The court then instructed the jury to write its verdict in its own way. The jury then returned a verdict in favor of the plaintiff Sparks and against both defendants and assessed "damages against the said defendants in the total sum of $11,000.00, of which sum we assess damages against defendant Paul Anker Berntsen in the sum of $8,000.00 and assess damages against defendant Reidar Enge in the sum of $3,000.00." Similarly in the Johnson case it assessed a total of $2,095 against both defendants, dividing it $1,250 against Berntsen and $845 against Enge; and in the Coker case, a total of $2,000 against both defendants, divided $1,250 against Berntsen and $750 against Enge. On motion of the plaintiffs and over the objection of the defendants the court directed the entry of the verdicts as follows: In the Sparks case against the defendants and in favor of the plaintiff in the sum of $11,000, limiting the amount recoverable against the defendant Enge to the sum of $5,000; in the Johnson case, against both defendants in the sum of $2,095; and in the Coker case against both defendants in the sum of $2,000. From the judgments so entered the defendants have appealed.

The defendants contend that the trial court erred in sending the cases back to the jury after the jury was polled and that in any event the court could properly enter the verdicts only in the sums assessed against the defendant driver, namely, $8,000, $1,250 and $1,250, and against the owner in accordance with his statutory liability. The defendants rely on *King* v. *Unger*, 35 Cal. App. (2d) 192 [94 Pac. (2d) 1040], and the provisions of section 618 of the Code of Civil Procedure.

In the case of *King* v. *Unger* the jury returned a verdict against defendants driver and owner and assessed damages in the sum of $6,677.16. The case was resubmitted to the jury under instructions to correct its verdict to reflect the owner's statutory liability, whereupon the jury returned a verdict against the defendant driver in the sum of $5,341.71 and against the owner in the sum of $1,335.45. The jury was polled on the final verdict and, over the plaintiff's objection, that verdict was entered and judgment entered accordingly. On appeal the plaintiff indicated his willingness to accept the verdict of $5,341.71 against the driver, and the District Court of Appeal directed entry of judgment against the driver in the sum of $5,341.71, and against the owner, based on his statutory liability, in the sum of $5,000. The District Court of Appeal held, however, that the failure of the trial court properly to guard the rights of the plaintiff in the matter of assessment of damages amounted to a miscarriage of justice and that, except for the agreement of the plaintiff to accept the lesser sum, he would have been entitled to a reversal and a new trial. As was pointed out in the concurring opinion in that case, the jury may not substitute its arbitrary judgment for the fixed statutory liability of the owner.

The case relied on involves the converse of the situation here presented. Here the final verdict was in a single total sum against both defendants in each case. No more was required of the jury. In one trial against two or more defendants jointly liable for the same tort, a separate verdict against each defendant is improper. There should be but one verdict for a single sum against all the defendants jointly liable. (*Marriott* v. *Williams*, 152 Cal. 705, 711 [93 Pac. 875, 125 Am. St. Rep. 87].) Any statutory limitation of liability applicable to any defendant as distinguished from the full liability of other defendants may and should be incorporated in the judgment entered on the verdict. Any limitation of liability of the owner would follow as a matter of law, and that liability the jury could not change. The final verdicts of the jury in the present case needed no interpretation. The arbitrary division of the total damages by the jury was not in accordance with law and was mere surplusage which the trial court refused to effectuate.

The same observation, however, may not be made as to the first verdicts. Those verdicts were similar to the second verdicts returned in the Unger case. In accordance with the

holding in that case, if the court in the present cases had entered judgment on the verdicts so returned, parties objecting thereto would have been entitled to a reversal and a new trial. In the Unger case the jury's intent was clearly expressed in its first verdict, and its intent defeated by the resubmission; while in the present case its intent, which was ambiguous and insufficiently expressed by the first verdicts, was clarified by the resubmission. We conclude that the judgments rendered by the court were in accordance with the verdicts and with law.

 There is nothing in the provisions of section 618 of the Code of Civil Procedure which contravenes our conclusion. The pertinent provisions are that after the reading of the verdict either party may require the jury to be polled, and if "no disagreement be expressed the verdict is complete and the jury discharged from the case." Section 619 provides that when the verdict is announced, if it is informal or insufficient, in not covering the issue submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out.

The sections should be read together. We can attach no such formality to the polling of a jury as would preclude the exercise of the court's powers under section 619 for the purpose of correcting an incorrect or insufficient verdict. The trial court retains control over such proceedings with power to procure correction of informal or insufficient verdicts until the verdict is recorded and the jury finally discharged. (*Brown* v. *Regan,* 10 Cal. (2d) 519, 524 [75 Pac. (2d) 1063] ; *Redo Y Cia* v. *First National Bank,* 200 Cal. 161, 166 [252 Pac. 587].) General power to that effect was also recognized in *Prager* v. *Isreal,* 15 Cal. (2d) 89, 98 [98 Pac. (2d) 729], and in *Mitchell* v. *Stringer,* 133 Cal. App. 207, 209 [23 Pac. (2d) 765]. As was said in *Vitimin Milling Corp.* v. *Superior Court,* 1 Cal. (2d) 116 [33 Pac. (2d) 1016], at 120, "In the absence of a verdict entered as required by law there is no finality to the proceedings."

The duty of the court upon appropriate objection to require the jury to correct its verdict after it had been polled was recognized in *Pray* v. *Trower Lumber Co.,* 101 Cal. App. 482 [281 Pac. 1036], at page 491, on authority of section 619 of the Code of Civil Procedure. The defendants present no case holding that it was too late for the court to order a correc-

tion of the insufficient verdict after the jury had been polled thereon.

It is not contended that the objection of the defendants to the entry of the second verdicts was made for the purpose of having the verdicts corrected a second time. Their objection was directed solely to the entry of any greater judgment against the respective defendants than in accordance with the jury's arbitrary division of the total damages assessed against them. In the absence of any proper objection it may be assumed that the trial court, on the return of the first verdicts herein, could have entered judgment against the defendant driver in the sum assessed against him, and against the defendant owner in accord with his statutory liability. But upon appropriate objection it would be the duty of the trial court to refer the verdicts back to the jury as was done in the present case upon the objection of the plaintiffs. (*Brown* v. *Regan, supra.*) A resubmission under somewhat similar circumstances was also approved in *Kerrison* v. *Unger,* 135 Cal. App. 607, 611 [27 Pac. (2d) 927], and a contention that the first verdict was neither insufficient nor informal was rejected.

The judgments are affirmed.

Gibson, C. J., Curtis, J., Edmonds, J., Houser, J., Carter, J., and Traynor, J., concurred.