[Civ. No. 7013. Third Dist. June 27, 1944.]

ROBERT L. MEGEE, Respondent, v. JOHN FASULIS, Appellant.

Van Dyke & Harris for Appellant.

Manwell & Manwell for Respondent.

PEEK, J.—This is an appeal by defendant from a judgment awarding plaintiff damages for personal injuries alleged to have been suffered by him by reason of defendant's negligence. Upon the return of the verdict by the jury defendant . moved for a judgment notwithstanding the verdict, which motion was granted. Plaintiff then appealed from such judgment and this court reversed the same with instruction to the trial court to enter judgment in favor of plaintiff in accordance with the verdict of the jury. (*Megee* v. *Fasulis,* 57 Cal.App.2d 275 [134 P.2d 815].) The defendant now appeals from the judgment so entered.

The pertinent facts are that defendant owned and operated the Star Rendezvous, a tavern, together with certain amusement devices, in the city of Marysville. The premises consisted of a bar and dance floor on the street level. Certain other rooms including a lavatory were located in the basement. Access to such rooms on the lower level was had by means of a flight of stairs. Immediately adjacent to the stairway was a contraption consisting of a conical shaped tube into which automatic .22 caliber rifles were discharged at small targets. The large end of the tube, that is, the end into which the rifles were discharged, was very close to the entrance to the stairway. The guns, when fired, automatically discharged the used cartrige cases downward causing them to strike a board and bounce or roll either into the tube or out upon the floor immediately adjacent to the head of the stairway.

The plaintiff, while descending this stairway sometime after 5 o'clock p. m. on January 13, 1940, for the purpose of going to the lavatory, slipped and fell. As a result of the fall he sustained certain injuries. His complaint for damages alleged that the defendant operated and conducted such device and stairway in a careless and negligent manner, allowing and permitting discharged .22 caliber cartridge cases ejected from rifles used in the shooting device to lie scattered upon the floor surrounding such device and also upon the stairway, and that as a result of such negligence plaintiff fell and sustained certain injuries.

Defendant, by his answer, admitted ownership and oper-

ation of the premises; that plaintiff was an invitee, and that plaintiff fell on said stairway, but denied any negligence on his part, and alleged contributory negligence on the part of plaintiff. As a further affirmative defense defendant alleged that on February 9, 1940, plaintiff and defendant compromised and settled their differences, and that in consideration of the sum of $300 paid to plaintiff by defendant the plaintiff executed and delivered to defendant in writing, a full, ''release of all claims'' resulting from his accident.

The plaintiff did not file an affidavit denying the release in accordance with the provisions of section 448 of the Code of Civil Procedure, but chose to rebut the presumption of full payment and satisfaction by attacking the release on the grounds of fraud, misrepresentation and undue influence.

As grounds for a reversal of the judgment defendant contends that (1) prejudicial error was committed by the trial court in the giving of an alleged erroneous instruction concerning the release given by plaintiff to defendant; (2) that the trial court erred in its instructions to the jury on the issue of contributory negligence; (3) that prejudicial error was committed at the time the jury returned its verdict, and (4) that further prejudicial error resulted from evidentiary rulings of the court.

In defendant's first contention of error, the following instruction is attacked:

''You are instructed that it is for you to determine, from all the evidence and circumstances of this case, whether the plaintiff fully understood the contents of the release at the time the same was signed by him, and whether the same was fairly made with him, without fraud, misrepresentation or undue influence on the part of the defendants or their agents, and unless you do so determine, you are instructed that such release would not release the defendants from liability, if you further find from the evidence that the defendants are otherwise liable.''

A reading of the three instructions given by the court upon the issue of the release, including the one attacked, discloses (1) that the first instruction informed the jury that one of the defenses was that the plaintiff, in consideration of the sum of $300, executed an agreement releasing the defendant of any further liability; (2) that the second instruction informed the jury that if they found from a preponderance of the evidence that plaintiff voluntarily accepted the sum in

full settlement and in full knowledge of the significance of his acts, and with full knowledge of the nature and extent of his injuries, then it was their duty to find for defendant, and (3) that the third (the one above quoted) qualified the terms of the second, in effect saying that it was for them to determine first, if the plaintiff fully understood the contents of the release; second, whether such release was entered into by him without fraud or misrepresentation on the part of the defendants or their agents, and third, if the jury so found, then such instrument would release the defendant from all liability. On the other hand, if they did not determine that the release was free from fraud or misrepresentation the instrument would not serve to release the defendant from liability.

The defendant strenuously contends that the quoted instruction ''not only misstates the law with respect to the burden of proof but misdirects the jury with respect to its quest,'' in that the effect of such instruction was to place upon the defendant the burden of proving that the release was obtained without fraud, misrepresentation or undue influence. We do not so understand the instruction.

After reading all of the instructions in the light of a fair and reasonable construction without straining at any particular portion of the language, it cannot be said that the jury was not fairly and impartially instructed upon the law relating to the question of the release. By prior instructions the jury was properly informed concerning the assumption by the plaintiff of the burden of proving his case by a preponderance of the evidence. It is not necessary that each instruction embody every fact or element essential to sustain or defeat an action or that it cover the entire case. It is sufficient if the instructions, as a whole, substantially and correctly cover the law applicable to the issues. If, under such construction, the law has been fairly and correctly presented, a judgment will not be reversed on appeal even though the instruction is otherwise open to criticism. (*Nichols* v. *Pacific Electric Ry. Co.*, 178 Cal. 630 [174 P. 319]; *Henderson* v. *Los Angeles Traction Co.*, 150 Cal. 689 [89 P. 976].)

It is quite possible that the instruction so attacked by the defendant might have been worded differently so as to have met his objections. However, even framed as it is,

it did not, as defendant contends, place the burden of proof upon him to show that the release was obtained without fraud.

In regard to the second question raised by defendant it is contended that as his answer merely charged that the plaintiff was negligent in descending the stairway: that his falling and the resultant injury sustained was caused ''solely, proximately and entirely by plaintiff's own carelessness and negligence,'' and that nothing was alleged in such defense relative to the question of intoxication of the plaintiff, that therefore plaintiff's instruction Number 17, which is as follows, was entirely improper:

''You are instructed that it is a question of fact for the decision of the jury, whether or not the plaintiff was intoxicated at the time this accident occurred, and if you should find from the evidence that the plaintiff was intoxicated at said time, then it is a question of fact for your decision whether under all the circumstances surrounding the case, such intoxication constituted negligence on the part of the plaintiff, and if you find from the evidence that the plaintiff was negligent then it is a question of fact for your decision whether or not, under all the circumstances, such negligence in any way contributed to the accident or the injuries received.''

In amplification of defendant's contention in this regard it is argued that such instruction increased his burden of proof and completely wiped out the defense of contributory negligence unless he assumed and satisfied the burden of also proving intoxication.

Under such instruction the jury could have found that plaintiff was intoxicated and that such condition contributed to the accident, and therefore denied liability, or they could have found that although he was intoxicated, such condition did not contribute to his injuries, or lastly, that though he had consumed intoxicating liquor, he was not intoxicated, and therefore this element was not involved. In other words, such instruction merely informed them that if they found him to be intoxicated, then they should determine whether such condition contributed to the accident, and if they found that it did not, then any evidence of intoxication would be immaterial. (*Fidelity etc. Co.* v. *Paraffine Paint Co.*, 188 Cal. 184 [204 P. 1076].)

Under the evidence as introduced the jury was properly

instructed upon the question of intoxication, if any, of the plaintiff. ■ This element of the case was placed in issue first by counsel for the defendant in his opening statement to the jury, and later was again alluded to by both parties. Defendant cannot complain of an issue which he assisted in placing in evidence. By so doing he made it a part of his defense of contributory negligence. (*Olsen* v. *Standard Oil Co.*, 188 Cal. 20 [204 P. 393].)

■ It was not necessary to have specifically pleaded intoxication as a defense to warrant an instruction on such question. It is the duty of the court to "give instructions expounding the law upon every reasonable theory of the case finding support in the evidence." (*Raymond* v. *Hill*, 168 Cal. 473 [143 P. 743].) It cannot be said that the question of the plaintiff's intoxication was not a part of the case as presented to the jury for determination. The evidence introduced was sufficient to raise such question, and it cannot be denied that it was of such force that fair-minded men might well have debated its effect upon plaintiff.

■ Instructions should be reasonably construed to uphold the judgment without straining at overly nice construction, and on review, the courts will give to them a fair and reasonable construction and interpretation with a view to ascertaining the meaning which the jury must have ascribed thereto. (*Reuter* v. *Hill*, 136 Cal.App. 67 [28 P.2d 390].)

■ The third issue raised by defendant relates to alleged error committed by the trial court at the time the jury returned its verdict.

At the conclusion of the trial the jury retired and shortly thereafter returned, asking that the plaintiff's complaint be read to them. After some discussion they again retired to the jury room, and without objection of counsel took the complaint with them. However, they were admonished by the court that although they might take the complaint and read it over, yet they were to understand that they were not to be wholly governed by what the complaint alleged—that it was only upon the evidence which they heard in the court room that they were to predicate their judgment. Thereafter the jury returned to the courtroom and informed the court that a verdict had been reached. Upon the reading of the verdict it was disclosed that they had found in favor of plaintiff in the sum of $5,000, "divided as follows: $1,735.44 special damages and $3,264.56 general damages."

The special damages granted were for the full sum as prayed in the complaint. Counsel for defendant strenuously argued before the trial court that there was no evidence whatsoever to support the verdict for such damages, while it was contended by plaintiff that the evidence relating to the loss of wages was sufficient. After further discussion the court stated that it felt there was not sufficient evidence to sustain the award as to the special damages, but, as the jury in the first instance had found in favor of the plaintiff in the total sum of $5,000, the subsequent division of the $5,000 did not appear to the court to vitiate the general finding; however, if any question existed, the jury would be sent back. As a result of the discussion the court sent the jury back with the instruction to retire for further deliberation, and bring in such a verdict as they felt was proper in the case, and if they found for the plaintiff, to bring in one verdict without division as to special or general damage or otherwise; that the verdict was not one which the court could accept under the evidence. Another form of verdict was prepared, and after retiring once more the jury again returned, this time with a verdict of one sum of $5,000.

Defendant now contends on appeal that where a jury returns a verdict which does not conform to the evidence, the proper method of correction is not by having the jury rewrite the verdict until it does conform, but by granting a new trial at the request of the injured party: that although the original verdict was without support insofar as the award of special damages was concerned, yet it was none the less the verdict of the jury; that it was prejudicial error for the court to permit the jury, after having been polled, to return a second and different verdict; that the second verdict was a nullity, and that the judgment herein is based upon no verdict at all.

We know of no rule which demands that a case be retried under such circumstances. To do so would be to deny the very purpose and intent of section 619 of the Code of Civil Procedure, wherein it is provided that when the verdict is announced, if it is informal or insufficient, in not covering the issues submitted, it may be corrected by the jury under the advice of the court, or the jury may be again sent out. In this regard it was held by the Supreme Court in *Sparks v. Bernsten,* 19 Cal.2d 308, p. 313 [121 P.2d 497], that "the trial court retains control over such proceedings with

power to procure correction of informal or insufficient verdicts until the verdict is recorded and the jury finally discharged.'' (Citing *Brown* v. *Regan,* 10 Cal.2d 519, 524 [75 P.2d 1063]; *Redo Y Cia* v. *First National Bank,* 200 Cal. 161, 166 [252 P. 587].) It also was held in *Pray* v. *Trower Lumber Co.,* 101 Cal.App. 482 [281 P. 1036], that when objections have been raised as regards the uncertainty of a verdict ''the court properly should have advised the jury to correct it.''

We turn then to the final contention of defendant that the trial court erred in the admission of certain evidence which defendant charges was not confined or limited to the condition of the stairway at the time plaintiff fell.

By his answer defendant admitted that plaintiff was on the premises as an invitee. Under such circumstances the law imposes upon him the duty of ordinary care in keeping the stairway in a reasonably safe condition, so as not to unnecessarily expose patrons to danger. (*Schmidt* v. *Bauer,* 80 Cal. 565 [22 P. 256, 5 L.R.A. 580]; *Means* v. *Southern California Ry. Co.,* 144 Cal. 473 [77 P. 1001, 1 Ann.Cas. 206]; *Goldstein* v. *Healy,* 187 Cal. 206 [201 P. 462]; *Brinkworth* v. *Sam Seelig Co.,* 51 Cal.App. 668 [197 P. 427].) Stated differently but to the same effect, negligence in the protection of guests from personal injury has been defined to imply ''a lack of due care.'' (*Adams* v. *Dow Hotel,* 25 Cal.App.2d 51 [76 P.2d 210].)

Plaintiff, in support of his allegations of negligence on the part of defendant in the manner in which the stairway was maintained, produced as a witness, one W. M. Bright, who testified that while descending the stairway sometime between 7 and 7:30 o'clock p. m. on the same day, he slipped and fell on an empty cartridge case.

It is contended by defendant that Bright's testimony was incompetent, immaterial and irrelevant in that the defendant's testimony that plaintiff fell between the hour of eleven and twelve o'clock, p. m. was the only direct evidence as to the time of plaintiff's fall, and therefore Bright's testimony was too remote, as well as being speculative. Obviously such contention completely ignores the testimony of plaintiff that his fall occurred sometime after five o'clock p. m. It is true that plaintiff was not exact as to the time of his fall, but he did testify that he went to the Star Rendezvous ''somewhere

in the neighborhood of 5:00 o'clock," and that at the time the accident occurred he "hadn't been there very long." It cannot be said that such testimony was not sufficient to warrant the jury in finding that the plaintiff fell prior to the time Bright slipped and fell. In fact the jury was as free to reject the testimony of the defendant as it was to accept the testimony of the plaintiff.

Likewise this court cannot say that the jury, as the sole judge of the credibility of the witnesses and the weight of the evidence, had not a right to conclude from such testimony that the defendant had permitted discharged empty cartridge cases to fall upon the floor adjacent to the stairway and to be upon the stairway, and that such condition existed at the time plaintiff slipped and fell.

A decision upon a question such as is herein presented—the negligence of the defendant—was one solely within the province of the jury and its verdict will not be disturbed on appeal unless there is an entire lack of evidence or reasonable inferences to be drawn from the evidence to support its conclusions. (*Adams* v. *Dow Hotel, supra.*)

Our conclusion in this regard must be the same as in the previous hearing (*Megee* v. *Fasulis, supra*), that there is sufficient evidence in the record to sustain the verdict of the jury that the plaintiff's injuries were the proximate result of the negligence of defendant, and that plaintiff was not guilty of contributory negligence.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 24, 1944.