[L. A. No. 20688. In Bank. Dec. 17, 1948.]

WESLEY GORDON AYNES, Respondent, v. WALTER S. WINANS et al., Appellants.

Charles H. Goebel, Leroy L. Donkin and Raymond G. Stanbury for Appellants.

Stewart & Stewart and Arthur T. Stewart for Respondent.

SPENCE, J.—Plaintiff brought this action to recover damages for personal injuries sustained as the result of a collision between his truck and one for the operation of which defendants were liable—defendant Crossley Transportation Company as owner and defendant Winans as lessee, whose employee was the driver at the time of the accident. The jury returned separate verdicts independently assessing damages against the respective defendants, each in the sum of $5,000, and in pursuance thereof two judgments were entered in plaintiff's favor. From such judgments in disposition of plaintiff's damage claim, defendants prosecute this appeal.

It is not disputed that the jury was properly instructed on the limitation of the owner's liability as prescribed by section 402 of the Vehicle Code—with the "maximum" thereof fixed at $5,000 though "a greater sum" be awarded "the plaintiff . . . as against the defendant Walter S. Winans." Likewise it is not disputed that "[i]n one trial against two or more defendants jointly liable for the same tort, a separate verdict against each defendant is improper";

that "[t]here should·be but one verdict for a single sum against all the defendants jointly liable"; and that "[a]ny statutory limitation of liability applicable to any defendant as distinguished from the full liability of other defendants may and should be incorporated in the judgment entered on the verdict." (*Sparks* v. *Berntsen,* 19 Cal.2d 308, 312 [121 P.2d 497].) ▮ There thus remains but the single question of whether defendants have suffered prejudice by reason of the error in the entry of the separate judgments. (*James* v. *E. G. Lyons Co.,* 147 Cal. 69, 76 [81 P. 275]; *Moss* v *Underwriters' Report, Inc.,* 12 Cal.2d 266, 273 [83 P.2d 503]; *Estate of Lewis,* 126 Cal.App. 90, 94 [14 P.2d 357].) That such is the case appears from a consideration of the effect of enforcing the separate damage awards against defendants in accordance with their terms. Consequently, the two judgments cannot stand as the measure of plaintiff's recovery herein.

The prejudicial nature of the separate judgment against the defendant company stems from its deprivation of the statutory benefit accorded to the owner of a vehicle held liable "on account of imputed negligence." (Veh. Code, § 402, subd. (c).) As there provided, upon the injured party's "recovery of judgment, recourse shall first be had against the property of [the] operator [who has been] served." Since in the present case under the independent damage award of $5,000 against defendant company alone, plaintiff must proceed against such owner without first having "recourse" against defendant Winans, the lessee responsible for the negligent driving of his employee, it is manifest that defendant company as owner and lessor of the truck in question has been prejudiced by being subjected to a separate, instead of a joint and several judgment in the stated amount.

The prejudicial nature of the separate judgments with respect to defendant Winans also stems from the same statute. As there provided, "[i]n the event a recovery is had ·.·. against an owner on account of imputed negligence, such owner is subrogated to all the rights of the person injured . . . and may recover from [the] operator the total amount of any judgment and costs recovered against such owner." (Veh. Code, § 402, subd. (d).) Since in the present case the record shows one individual judgment for·$5,000 against defendant Winans, lessee of the truck, and another individual judgment for $5,000 against defendant company as owner, the latter after paying the damages assessed against it would be in a position to collect such amount from the lessee by reason

of the quoted "subrogation" proviso, and defendant Winans would thus be required to pay a total of $10,000 under the two judgments when in fact there is only one $5,000 judgment entered against him.

It is true that the trial court, when the impropriety of the two judgments was urged by defendant Winans in connection with new trial proceedings, construed the verdicts as constituting a damage award in favor of plaintiff in the amount of $10,000—"judgment . . . for $5,000.00 against each defendant, making a total judgment of $10,000.00" and therefore refused to disturb the judgments as entered. In so ruling, the court apparently gave regard to the jurors' affidavit stating their determination that "the damages suffered by the plaintiff, through the negligence of the defendants and for which defendants were chargeable to be $10,000.00" but since they understood that defendant company "could not legally be held accountable for, nor judgment be rendered against it for more than $5,000.00," they had "divided the $10,000.00 damage between the two defendants" so that "the plaintiff would thus have judgment for $10,000.00 for his damages." But conceding the jury's intent to award to plaintiff $10,000 damages, in which case the verdict against defendant Winans "should [have] be[en] for the full amount of the damages sustained" (*O'Neill* v. *Williams,* 127 Cal.App. 385, 390 [15 P.2d 879]), nevertheless the verdict against him expressly limits itself to $5,000, and would not support a judgment against him for more than that amount. Unlike the situation in *Snodgrass* v. *Hand,* 220 Cal. 446 [31 P.2d 198], wherein the two jury awards were joined by the use of the conjunction "and," so as to permit the court to construe "the verdict to be an award of damages against the operator of the car, individually, in the sum of $5,000 and an additional joint award of damages against the operator and owner of the car in the further sum of $5,000—[i]n other words, . . . an award of damages against the operator of the car in the sum of $10,000, for one-half of which sum the owner of the car was to be jointly liable" (pp. 447-448)—there were two verdicts returned in the present case on separate forms as independent damage assessments of $5,000 against each defendant, and there was no joint award against both defendants. Accordingly, such verdicts could not reasonably be regarded as authorizing an award of damages against defendant Winans in the sum of $10,000, nor did the trial court undertake to

so construe them in concluding that they gave plaintiff "a total judgment of $10,000.00" divided "$5,000.00 against each defendant." Yet, as indicated, the record here discloses a situation whereunder defendant Winans might be compelled ultimately to pay both judgments—a damage recovery double the amount which the individual verdict and judgment against him would sustain—and the propriety of his complaint on that ground of prejudice cannot be disputed. (Cf., *Phipps* v. *Superior Court*, 32 Cal.App.2d 371, 376-377 [89 P.2d 698].)

For the foregoing reasons the judgments herein are reversed and the cause is remanded for a new trial on the issue of damages alone in accordance with the views hereinabove expressed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Schauer, J., concurred.

CARTER, J.—I dissent.

In this case the jury returned two separate verdicts, each for $5,000, against the defendants, the operator and owner of the automobile which caused the injury. It is conceded that the defendants are *jointly* liable, a limitation of $5,000 being placed upon the liability of the defendant-owner by statute. (Veh. Code, § 402.) It is said that a several judgment against each defendant, where the defendants are jointly liable, is improper, and that the sole question here is whether defendants suffered prejudice by the form of the verdicts, although there is a discussion to the effect that a judgment for $10,000 cannot be entered against defendant-operator because there is no verdict to support it.

*The real question here involved is the proper construction and interpretation of the verdicts rendered.* There is some confusion in the cases as to the role of the jury in applying the $5,000 limitation of liability accorded the owner of a vehicle when the negligence of the one who used it with his consent caused the accident. There are several ways in which a *judgment* rendered on a verdict in such a case might be drafted and still preserve the limitation for the owner. It could be a judgment against both defendants jointly for the full amount of the damages where that amount is less than $5,000. If it exceeds that sum the judgment could be against both of them for $5,000 and against the operator alone for the amount in excess of $5,000, or it could be against both of them for the full amount with a proviso that the owner was obligated thereunder to the extent of $5,000 only.

However, the *verdict* of the jury, that is, the function of the jury, with respect to the limitation, is a different matter. Assuming a case where the operator is driving the car with the owner's consent, it necessarily follows that either both of them are liable or neither is. *The extent of the jury's duty is to decide that issue and the amount of damages.* It is not concerned with nor should it be instructed upon the limitation of liability of the owner. These principles were settled in *Sparks* v. *Berntsen,* 19 Cal.2d 308, 312 [121 P.2d 497], where this court said: "Here the final verdict was in a single total sum against both defendants in each case. *No more was required of the jury.* In one trial against two or more defendants jointly liable for the same tort, a separate verdict against each defendant is improper. There should be but one verdict for a single sum against all the defendants jointly liable. (*Marriott* v. *Williams,* 152 Cal. 705, 711 [93 P. 875, 125 Am.St.Rep. 87].) Any statutory limitation of liability applicable to any defendant as distinguished from the full liability of other defendants may and should be incorporated in the *judgment* entered on the verdict. *Any limitation of liability of the owner would follow as a matter of law, and that liability the jury could not change.*" [Emphasis added.] Thus it follows that if the jury renders a verdict against both defendants for an amount in excess of $5,000 there is no difficulty, for the court, as a matter of law, renders a judgment thereon which protects the limitation of the owner's liability. The *essential issues* for the jury—liability and amount of damages—have been determined by them. If the verdict settles those questions it is sufficient. In the instant case the separate verdicts, while not formally proper (there should have been but one verdict against both defendants), did determine those matters. Inasmuch as it returned a verdict against each defendant there can be no doubt that it found them both liable, which it should have done, for both were liable or neither. The only question, therefore, is whether or not those verdicts sufficiently establish the *amount* of the damages. It should be clear that they reflect a belief that plaintiff's total damages were $10,000. Otherwise there would not have been the separate awards of $5,000 each against the defendants. It is clear that if plaintiff was to have $5,000 from one defendant and $5,000 from the other, the *source* of payment has been split but the amount to be received by plaintiff has not. The jury was not given a form of verdict for both defendants jointly and the best it could do was to return

its verdict in the separate forms. Moreover, we do not have to rely solely upon the interpretation of the verdict on its face, for the affidavits of the jurors show without dispute that they intended to assess damages in the sum of $10,000. It is unimportant that the verdicts were against each defendant separately because the *law* is clear that a verdict against joint tort feasors must be against them jointly—that there cannot be an apportionment. It is not a matter of concern to the jury. As long as we may ascertain from the verdicts the total amount of the damages, then a judgment may be entered against both defendants without apportionment except to the extent of preserving the limitation on the owner's liability. *Snodgrass* v. *Hand,* 220 Cal. 446 [31 P.2d 198], is analogous to the instant case. There the verdict was against the operator alone for $5,000 and against the operator and owner for $5,000. It was held that, properly construed, the verdict was for $10,000. It is true there was an "and" between that portion of the verdict against the operator and that against both, but it lends no magic to the picture. It is equally clear from the verdicts here that it was intended to award plaintiff the sum of $10,000.

The foregoing disposes of the statement in the majority opinion that there is no verdict for $10,000 upon which a judgment could be entered. The two verdicts when correctly construed show that there is. It will result in a failure of justice to require this case to be retried with all the expense and endeavor necessary therefor when we know what the jury intended by its verdicts and the matter may be now settled once and for all by simply holding that the judgments should be construed as providing for joint liability for both defendants for $5,000 and several liability of the defendant operator for $5,000, or a total of $10,000 against the latter.

I would, therefore, affirm the judgment.